### A. B. HAWORTH v. THE STATE.

No. 3189. Decided June 24, 1914.

**1.—Injuring Land of Another—Indictment—Description.**

Where, upon trial of unlawfully and knowingly entering upon the land of another without his consent, etc., the indictment failed to describe the said land sufficiently, the same was insufficient on motion to quash.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of unlawfully and knowingly entering upon the land of another, etc., the evidence was insufficient to sustain the conviction, the same was reversible error.

Appeal from the County Court of Comanche. Tried below before the Hon. J. H. McMillan.

Appeal from a conviction of unlawfully and knowingly entering the land of another, etc.; penalty, a fine of $25.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—On question of insufficiency of indictment: Bailey v. State, 18 Texas Crim. App., 426.

On question of insufficiency of the evidence: Dean v. State, 31 S. W. Rep., 378; Spiller v. State, 61 Texas Crim. Rep., 555, 135 S. W. Rep., 549; Massey v. State, 31 Texas Crim. Rep., 91.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted under an indictment which charged him with "unlawfully and knowingly entering upon that strip of land known as 'the Commons' then and there owned by the County of Comanche and then and there under the control and supervision of J. D. Waring, who was then and there the mayor of the City of Comanche, and removing therefrom earth and sand without the consent of the said J. D. Waring." Appellant moved to quash the indictment on several grounds, one of which, we think, is well taken. Mayor Waring in testifying stated, "the Commons" is a strip of land seventy feet wide on the north bank of Indian creek, and extending across the old townsite of 200 acres, and more than a mile long, deeded by John Duncan to the Chief Justice and Commissioners of Comanche County and their successors in office, deed dated August 15, 1859. It is thus seen by this testimony "the Commons" is described, but not so in the indictment, it being merely referred to as "the Commons" without alleging in what part of the county same is situate, and the indictment contains no allegation that "the Commons" is within the limits of the City of Comanche. The allegation as to the land in the indictment is too vague and indefinite. We have in cities and towns parks which are sometimes called plazas and sometimes commons. Just an allegation that one entered upon a park or common without alleging it was the only park or common in the city would not be a sufficient designation of the property entered upon. In so far as the record shows there may have been a common deeded to Comanche County, in connection with every townsite in the county, and this indictment would not put appellant upon notice which "common" he is alleged to have entered upon and received earth and sand. "The Commons" should be described in the indictment as it is described in the mayor's testimony, or in some definite way. It being too vague and indefinite, the motion to quash should have been sustained. In a civil suit for the land such description would not be sufficient, and if recovery should be had upon a petition containing only such allegations as are contained in the indictment in this case, no judgment of any force or effect could be entered

thereon, without additional allegations in some way describing the property, or showing what part of the county the property could be found.

And as the indictment is quashed, this cause will necessarily be dismissed, but if we should consider it on its merits, we do not think the evidence would justify a conviction. There is an allegation that "the Commons" belongs to the County of Comanche, and is under the supervision and control of J. D. Waring, mayor of the City of Comanche. The mayor says if he has the care and control of the property it is by virtue of being elected mayor of the City of Comanche—that he has no other or different authority. There is no proof in the record that the City of Comanche contains the 200-acre tract deeded by Duncan to Comanche County, and if the City of Comanche does not embrace this tract, certainly being mayor of that city would not place Mr. Waring in control of it. Some showing should have been made how the City of Comanche came in control of the property, for it is the city's control that Mayor Waring shows he had. The deed introduced by the State shows that the County of Comanche owned the property, and not the city.

Again, while the deed of Mr. Duncan made in 1859 apparently vested the title to the strip in the County of Comanche, yet the evidence shows that J. P. Anderson went into possession of the tract of land (off of which appellant had the sand and gravel taken) in 1873; that he erected thereon a mill and houses, and fenced the land, and that it has been fenced from that day until the day this prosecution was begun, and that he and those holding under him had had peaceable and adverse possession of the land from 1873 to just about the date of the institution of this prosecution in 1912. The city then asserted title to the land, which appellant refused to concede, but he agreed that the money received for the sand and gravel should be deposited in a bank to await the determination of whether the land belonged to the city or the county, or appellant, and the money received for the gravel was in fact deposited in the bank to await the result of such issue.

It seems to us that this is a case for the civil courts rather than the criminal courts. There is a dispute as to whom the land now legally belongs. The deed introduced in evidence would show that the county owned the land in 1859, yet in 1873 those under whom appellant claims went into possession of the land in question fenced it, claiming it adversely to all the world. For the last few years appellant has been in possession, raising crops thereon. It may be that the county's title is superior. On the other hand, it may be that title of appellant has become perfect by limitation, if not otherwise. But in a criminal case we do not try the title to the land, and it is not such a case, as made by the testimony before us, that should be tried in the criminal courts.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*