James P. LANE et ux., Appellants,

v.

Charles H. DAVIS, Appellee.

No. 13613.

Court of Civil Appeals of Texas.

San Antonio.

June 29, 1960.

Jonathan H. Allen, Dallas, for appellants.

Yarborough, Yarborough & Johnson, Dallas, for appellee.

BARROW, Justice.

This is an appeal from a judgment of the county court sustaining appellee's plea to the jurisdiction and dismissing the suit.

█ Appellants allege that they and appellee were joint owners of a boundary line fence; that appellee without appellants' consent tore down a portion of the fence, failed and refused to restore the fence, as appellants requested, converted the fence materials to his own use, and withholds same from appellants. Appellants further allege that such acts on the part of appellee were done unlawfully, maliciously and with a willful and wanton disregard of the rights of appellants.

Appellants seek recovery of the sum of $100 as the reasonable value of the fence and posts removed, at the time and place of such removal; exemplary and punitive damages in the sum of $500; and damages for personal injury to appellant Muriel Lane, caused by shock, in the sum of $300.

Appellee excepted to portions of appellants' petition, denied the allegations thereof, and plead that the court did not have jurisdiction because the action "involves a fence erected upon and attached to the realty which thereby became a part of this realty and a suit involving same could be maintained only in the District Court." Appellee further plead that the court did not have jurisdiction because as a matter of law appellants could not recover damages for injury to Muriel Lane, nor any punitive damages.

The appeal is upon one point: "The Court erred in sustaining Appellee's Plea to the jurisdiction, and in dismissing appellants' cause, because the Court did have jurisdiction of Appellants' Cause of Action." We sustain that point.

The amount in controversy, as shown by the allegations and prayer of plaintiffs' petition are within the jurisdiction of the county court. Arts. 1949, 1950, Vernon's Ann.Civ.Stats.

We have examined appellee's pleading and it appears that he bases his plea to the jurisdiction on two grounds: 1. That the fence removed was attached to and was a part of the lot, consequently the action is one involving the title to real estate and within the exclusive jurisdiction of the district court. 2. That as a matter of law appellant is not entitled to recover for the alleged personal injuries to his wife and is not entitled to recover exemplary damages; therefore the amount of actual damages alleged is less than two hundred dollars, and the action is within the exclusive jurisdiction of the justice court.

The record does not show that any of appellee's exceptions were presented to and acted upon by the court. Therefore, at the time the court sustained the plea to the jurisdiction and dismissed the suit, appellants' petition stated a cause of action within the jurisdiction of the county court. Even if it be conceded that under the circumstances appellants' petition with reference to the personal injuries to Muriel Lane failed to state a cause of action, and if such matter should be excluded, the petition would state a cause of action within the jurisdiction of the county court.

█ The well settled rule in this State has been stated in 11–B Tex.Jur. 368, § 59, as follows:

"Effect of Pleading.—Allegations of jurisdictional facts having relation to the subject matter of the suit, contained in a petition, of themselves confer jurisdiction to determine the controversy presented, and that jurisdiction will be retained by the court until the defendant alleges and proves that such allegations were fraudulent—that is, made for the sole purpose of conferring jurisdiction. * * *"

█ In determining trial court jurisdiction allegations of the petition made in good faith are determinative of the cause of action. Brannon v. Pacific Emp. Ins. Co., 148 Tex. 289, 224 S.W.2d 466. It is

the case alleged, and not such case as the evidence may show to be actually existent, upon which the question of jurisdiction arises. Jones v. Maples, Tex.Civ.App., 184 S.W.2d 844.

■ This case is not one involving damages to real estate, and it does not involve the title to real estate. It is settled that a fixture which has been severed from the realty is reimpressed with the character of personalty, Carter v. Wallace, 2 Tex. 206, and an action for damages for conversion will lie, 19 Tex.Jur. 719, § 12, Fixtures; and an action for conversion may be maintained against one who has wrongfully severed and removed the fixtures from realty. 42 Tex.Jur. 515, § 9, Trover and Conversion. Accord, Cage Bros. v. Whiteman, 139 Tex. 522, 163 S.W.2d 638. The rule is not altered by the fact that title to real estate is involved in a collateral or incidental way. Kegans v. White, Tex. Civ.App., 131 S.W.2d 990; Southwestern Bell Tel. Co. v. Burris, Tex.Civ.App., 68 S.W.2d 542; Haworth v. State, 74 Tex.Cr. R. 488, 168 S.W. 859; Henslee v. Boyd, 48 Tex.Civ.App. 494, 107 S.W. 128.

Neither of the cases cited by appellee is in point. In International & G. N. R. Co. v. McIver, Tex.Civ.App., 40 S.W. 438, the Court had before it a suit for damages for the destruction of a fence by fire while on the ground. In Long v. Chapman, Tex. Civ.App., 151 S.W.2d 879, the Court held that judgment in a trespass to try title suit, for the title and possession of land upon which fences, barns, sheds and other fixtures were located, was res judicata, and barred recovery in a subsequent suit brought for damages for the removal of the same fixtures, for the reason that the first suit adjudicated the title to the fixtures along with the land.

Having reached the conclusion that the county court has jurisdiction, it follows that the court's action in dismissing the suit was error. The judgment is reversed and remanded with instructions to reinstate the cause on the docket for trial.