## JACK ORATO V. STATE

No. 32,539. December 14, 1960

Motion for Rehearing Overruled February 1, 1961

*Sam Hoover*, and *King C. Haynie* (On Appeal Only), both of Houston, for appellant.

*Jules Damiani, Jr.*, Criminal District Attorney, *Ervin A. Apffel, Jr.*, Assistant Criminal District Attorney, Galveston, and *Leon Douglas*, State's Attorney, Austin, for the State.

DICE, Judge

Appellant Jack Orato and his co-indictee Biaggio Angelica were jointly charged by indictment in separate counts with the offenses of arson and attempt to commit arson.

Upon the granting of a severance, appellant was separately tried and convicted under the second count of the indictment of attempt to commit arson, and his punishment assessed at confinement in the penitentiary for five years.

By motion to quash, appellant excepted to the indictment on the grounds that it did not sufficiently describe or designate the house which it was alleged he and his co-indictee attempted to burn.

The indictment alleged in the second count "that BIAGGIO ANGELICA and JACK ORATO, acting together, on or about the

22nd day of December, A.D., 1958, in said County of Galveston and State of Texas, did then and there unlawfully and wilfully place inflamable material, to-wit, matches, newspapers saturated with gasoline, and other highly combustible material, in the building of C. W. DeONIER, there situate, in an arrangement and preparation such as would eventually set fire to said building, with the willful intent, then and there, on the part of them, the said BIAGGIO ANGELICA and JACK ORATO, to eventually set fire to said building * * * ."

The allegation of the indictment constituted a sufficient description of the building which appellant and his co-indictee were charged with having attempted to burn. Baker v. State, 25 Tex. App. 1, 8 S.W. 23, and Tinker v. State, 77 Tex. Cr. Rep. 506, 179 S.W. 572.

The sufficiency of the evidence to support the conviction is challenged.

The state's proof shows that Dr. Carl W. DeOnier operated a clinic in High Island, Galveston County, Texas. The clinic was located in a wooden frame building across the street from the home of the State's witness Billy Jack Jones. On the night of December 22, 1958, Jones observed a pickup truck parked beside the clinic building around 7:30 P.M. Later, around 10:00 P.M., his attention was attracted to the noise of a car or truck spinning the wheels and racing the motor, and upon looking out of the windows of his house, he saw a truck drive around in front of the clinic and stop. He then saw a man get out of the truck, run into the clinic, and turn on the hall light. He heard someone in the truck holler "Come on, Jack" twice and then saw the man run from the clinic to the pickup and the truck drove off towards Galveston. Truck was described by Jones as being blue in color with dual headlights and a red bumper. After the truck left, Jones proceeded from his home to the clinic, and when he entered the clinic building he observed newspapers which formed a continuous overlap up over the furniture and from one room to another and with a fluid on them which smelled like gasoline. Dr. DeOnier then arrived upon the scene, and the two left in the doctor's automobile and drove toward Gilcrest in pursuit of the pickup which had sped away from the clinic.

Shortly after 10:00 P.M., Constable Clyde Moore arrived at the clinic and upon going inside the building observed newspapers "wind-rowed" in the rooms and saturated with fluid which smelled like gasoline. He also detected the odor of butane gas and observed smoke coming from a newspaper which was

over a wash basin. Upon removing the newspaper, he observed a box of matches in the bottom of the pan with a 150 watt bulb which was burning lying on top of the matches. He further observed that some of the matches had ignited and the bulb was attached to an extension cord which crossed over another cord. Constable Moore then proceeded to pull the light cord, and thereupon the bulb exploded and the building was engulfed in smoke and fire which resulted in a total loss of the building. After the fire, an open "cockpit" on a pipe connected to a butane gas tank was found at the scene of the fire.

At 12:30 PM., appellant and his companion Biaggio Angelica were arrested by Sheriff Paul Hopkins and other officers in a cabin at Fort Travis on Port Bolivar some 28 miles from High Island. The evidence showed that when the officers arrived at the cabin a blue Chevrolet pickup with a red bumper and dual headlights fitting the description of the pickup seen at the clinic in High Island was parked near the cabin and at such time the radiator was warm. A photograph of the pickup which was introduced in evidence as State's Exhibit No. 1 was identified by the witness Jones as a photograph of the truck which he saw in front of the clinic at High Island on the night in question. When the officers entered the cabin upon invitation of appellant's companion Angelica, they could detect the odor of gasoline or kerosene in the cabin. After entering the cabin, the officers recovered a pair of grey pants lying on appellant's bed with the name "Jack Orato" in the pocket, and also a pair of shoes by his bed. Both the pants and shoes were damp and had the odor of gasoline. A pair of brown pants and a pair of shoes were found by the bed of Angelica, both of which were damp and smelled like gasoline. A set of keys found in the pants which were on Angelica's bed contained a key which would fit the ignition of the Chevrolet pickup parked outside the cabin. Tests run upon the two pair of pants by Chemist Floyd E. McDonald of the Houston Police Department revealed the presence of gasoline upon both pair of pants. No tests were run upon the two pair of shoes found in the cabin.

The proof further shows that dirt samples were taken from the fenders of the Chevrolet pickup which was parked near the appellant's cabin on the night in question and from tire tracks at the scene of the fire in High Island. Tests run upon these dirt samples by Chemist McDonald showed that the samples were identical in all respects.

It was further shown that both the appellant and Angelica had been seen driving a Chevrolet pickup fitting the description

of the pickup which was seen at the clinic building and the one parked near appellant's cabin.

Proof was further offered by the State that on the day of the fire appellant went to Galveston in the afternoon with the witness J. H. Foster where they obtained two five-gallon cans of gasoline which they brought back with them to Fort Travis.

Appellant did not testify but offered the testimony of a witness who stated that he had never seen appellant drive an automobile.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence.

We find the evidence sufficient to support the conviction.

The evidence clearly shows that the house in question was destroyed by a fire of incendiary origin. The evidence shows a wilful attempt to set fire to the house and is sufficient to support the jury's verdict that appellant was criminally connected with the attempt to burn the building.

We overrule appellant's contention that because the indictment charged a wilful attempt to burn a "building" the court's charge was fundamentally erroneous in authorizing the jury to convict upon its finding that he did wilfully attempt to burn the "house" in question. The definition of a house in Article 1305, V.A.P.C., includes "any building with walls and covered, whatever may be the material used for building"

Appellant's remaining complaint is to the action of the prosecuting attorney in using a blackboard and making certain notations thereon during the trial. The record reflects that while the witnesses were testifying in the case State's counsel entered on the blackboard certain memoranda from their testimony. Such memoranda was only used as visual aid to the jury, the use of which was within the discretion of the trial court. See statement of the rule in McCormick & Ray, Texas Law of Evidence, sec. 1464, pages 317-319. Under the record, no abuse of discretion is shown.

The judgment is affirmed.

Opinion approved by the Court.