**Mattie Swanson GRADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43509.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied June 2, 1971.

Charles W. Tessmer, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for misdemeanor shoplifting. The punishment was assessed at

two years in jail and a fine of two hundred fifty dollars.

Appellant first contends that the evifence is insufficient because an oral statement that she made at the time of the commission of the offense was exculpatory and was not disproved by other evidence.

The evidence shows that appellant went to a Sears Roebuck store, removed an electric sabre saw of the value of $33.88 from the display counter, took it to a cashier and asked for a refund. The manager of the hardware department testified that he observed appellant in the store on the day in question and that she was acting in a rather suspicious manner, and he saw her bend over and pick up the saw from the sales display counter and take it to the cashiers' counter.

The cashier testified that appellant stated that she purchased the saw for someone but that they did not need it and she wanted a refund. When appellant was unable to produce a receipt, the cashier directed her to the customer service counter, but the appellant went in the opposite direction and left the store with the saw.

The sales superintendent testified that he had been alerted over the store's public address system of a suspected shoplifter and when he arrived on the sales floor, he observed the appellant with an electric sabre saw walking down an aisle of the store. He followed her outside the store where she told him that her deceased husband had purchased the saw.

The appellant testified that she had been preparing her Christmas decorations when she discovered the saw in her garage. She testified that she thought her husband, who no longer lived with her, had purchased it. She further testified that she went to the Sears store on the day in question, stopped to pick up some electrical sockets for Christmas lights and set the saw down, and after selecting the sockets, she picked up the saw and proceeded to the cashiers' stand where she sought to obtain a refund.

The department manager was then recalled, and he testified that he observed the appellant pick up the saw from the display counter some two departments away from the electrical parts.

The rule is well settled that where the State introduces an exculpatory statement or confession of a defendant it is then bound to disprove it and failure to do so is ground for acquittal. Wormley v. State, Tex.Cr.App., 366 S.W.2d 565; Medina v. State, 164 Tex.Cr.R. 16, 296 S.W.2d 273; Heath v. State, 151 Tex.Cr.R. 609, 210 S.W.2d 586, and 1 Branch's Ann. P.C.2d, Section 95, page 103. It is also the rule that where such statements are introduced it is error for the trial court to refuse to charge on the above rule when requested to do so by the defendant. McIntire v. State, Tex.Cr.App., 431 S.W.2d 5; Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084. Such rules are not applicable in the case at bar.

The rule that the State is bound to disprove exculpatory statements has been applied in cases where the crime has already been committed and where the State has introduced a statement of the accused containing an admission or confession along with a declaration that would excuse or free him from guilt.[1]

The statement to the cashier that she purchased the saw was a means of committing the offense. We hold that a statement shown to have been made for the purpose of committing a crime is not an exculpatory statement and therefore as a matter of law the evidence is not insufficient.

Secondly, it is contended that the State did not prove the property alleged to have been shoplifted belonged to or was

1. See Asner v. State, 138 Tex.Cr.R. 420, 136 S.W.2d 822, 826.

under the control of the person named in the information.

Del Wagnor who was alleged in the information to be the owner of the sabre saw testified, without objection, that he was the manager of the hardware department of the store, and the special owner of the sabre saws. The proof was sufficient to support the allegation of ownership in the information under Article 21.08, Vernon's Ann.C.C.P. No reversible error has been shown.

The judgment is affirmed.

ONION, P. J., concurs in the results.

Rehearing Denied June 2, 1971.