**Sherry Jean FOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57149.**

Court of Criminal Appeals of Texas.

Panel No. 2.

Feb. 15, 1978.

Ray R. Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Bill Adkins Camp, Asst. Dist. Atty., Houston, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction under Article 667–19B(e), V.A.P.C. (the Texas Liquor Control Act),[1] for the misdemeanor offense of solicitation to buy a drink for consumption by an employee of a beer retailer. In a trial before the court, appellant pled guilty and the judge imposed a $100 fine as punishment.

1. The Texas Liquor Control Act was repealed by the Alcoholic Beverage Code, Acts 1977, 65th Leg., ch. 194, as amended, eff. Sept. 1,

1977. § 104.01 of the Alcoholic Beverage Code preserved the offense described above.

In a single ground of error, appellant argues that the information failed to allege the commission of an offense against the laws of Texas. The information contained the following:

". . . in the County of Harris and State of Texas, one Sherry Jean Fox . . . on or about February 24, 1977, did then and there unlawfully being the agent, servant and employee of Vernon C. Smith, the said Vernon C. Smith, being then and there the holder of a Mixed Beverage Permit, theretofore issued by the Texas Alcoholic and Beverage Commission for the premises located at 4850 Main, Houston, Harris County, Texas, and the said defendant as such agent, servant and employee of said licensee, did then and there, while on said premises, unlawfully solicit B. R. Foster to buy drinks and beverages for consumption by the said Sherry Jean Fox. . . ."

Appellant claims that if such solicitation of beverages occurred on the date charged, such solicitation was for the purchase of mixed drinks in a mixed drink establishment and not for the purchase of malt liquor. Appellant notes that the Texas Liquor Control Act is divided into two sections—one for the sale of intoxicating liquor and another for the sale of malt liquor—and that Article 667–19B, supra, which describes the offense, is located in the malt liquor section of the act. Appellant argues that for a penal provision to be applied to the mixed drink portion of the act, it must be found in that portion of the act. We disagree. The information was sufficient to describe an offense; further, the operation of this penal provision does not depend on the division of the act into two sections.

It has been established that the entire Liquor Control Act should be construed as a whole and that the act must be strictly complied with due to its penal nature. *Flowers v. Shearer,* 107 S.W.2d 1049 (Tex.Civ.App.—Amarillo, 1937, writ dism'd.). Moreover, study of the act reveals that its internal structure is not the mutually exclusive arrangement appellant claims. There are various provisions throughout the act that are not limited to the particular section in which they are found, be it intoxicating or malt liquor. For example, the language of the following provisions apparently applies to both intoxicating and malt liquor, yet the provisions are found in the intoxicating liquor section: Art. 666–9, making it unnecessary to negative exceptions in any indictment under the act; Art. 666–26, prohibiting sale of alcoholic beverages by and to minors; Art. 666–41, providing for penalties for violation of the act; Art. 666–50, specifying prohibitive forms of advertising; and Art. 666–52, prohibiting all permit holders from allowing offensive music, noise, etc., on their premises.

Likewise, there are provisions under the malt liquor section of the act that apparently are not limited to persons involved with only the sale of malt liquor: Art. 667–17, forbidding the erection of blinds and barriers in retail establishments selling alcoholic beverages; and Art. 667–19E, requiring all licensees to display a sign concerning the penalty for carrying weapons on the licensee's premises. It thus appears that the Legislature's division of the act into two primary sections was a matter of organizational convenience and that the two sections are in no way mutually exclusive.

Article 667–19B supra, describes the instant offense as follows:

"For the purposes contemplated by this Act, conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral, or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant or employee of said person, to engage in or to permit such conduct on the premises of the Retailer:

" *   *   *

"(e). Solicitation of any person to buy drinks or beverages for consumption by the Retailer or his employees.

" *   *   * "

The information alleged that the solicitation occurred on the premises of the holder of a Mixed Beverage Permit. Article 666–15(22) of the act outlines the scope of such a permit in part as follows:

"Mixed Beverage Permit.

" * * *

"(b). Notwithstanding the limitation set out in this subsection and in Section 20e of Article I of the Texas Liquor Control Act, a Mixed Beverage Permit shall authorize the holder thereof to purchase wine, beer, and malt liquor in a container of any legal size containing alcohol of not more than twenty-one percentum (21%) by volume from the holder of any permit or license which authorizes the holder thereof to sell same for resale, and the Mixed Beverage Permit shall authorize the holder thereof to sell such wine, beer and malt liquor in a container of any legal size for consumption on the premises for which the permit is issued.

" * * * * "

We conclude that the information was sufficient to describe an offense within the scope of Article 667–19B. *Page v. State*, 492 S.W.2d 573 (Tex.Cr.App.1972).

Appellant also alleges that an information not specifying the type of establishment in which the offense under Article 667–19B occurred would be fundamentally defective. Although appellant correctly states the law as decided in *Shane v. State*, 513 S.W.2d 579 (Tex.Cr.App.1974), the information in the instant case did specify the type of establishment in which the offense occurred; i. e., the premises of a holder of a Mixed Beverage Permit.

Appellant's ground of error is overruled.

The judgment is affirmed.