**Will RAINS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59107.**

Court of Criminal Appeals of Texas,
Panel No. 2.

May 28, 1980.

Rehearing Denied Sept. 10, 1980.

Robert T. Basket, Dallas, court appointed, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., Robert E. Whaley and Mary Ludwick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

OPINION

ROBERTS, Judge.

This appellant's first conviction for murder with malice was set aside. *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977). The appellant has been convicted again of murder with malice, with punishment assessed at confinement for sixty years. The

evidence was that the appellant and two companions were at the Maverick Skating Rink on March 1, 1961. The appellant got into an argument with another youth. Shortly thereafter the victim, followed by the appellant, ran from the skating rink. The appellant said, "Stop him, he's going to his car to get a shotgun." A shot was heard. The appellant told his companion, "I just shot him through the heart." They fled.

## I.

The trial court charged the jury on the law of self–defense in the following terms (emphasis supplied):

"When a person is attacked with unlawful *deadly* force or he reasonably believes he is under attack or attempted attack with unlawful *deadly* force, and there is created in the mind of such person a reasonable expectation or fear of death or serious bodily injury, then the law excuses or justifies such person in resorting to deadly force by any means at his command to the degree that he reasonably believes immediately necessary, viewed from his standpoint at the time, to protect himself from such attack or attempted attack. It is not necessary that there be an actual attack or attempted attack, as a person has a right to defend his life and person from apparent danger as fully and to the same extent as he would had the danger been real, provided that he acted upon a reasonable apprehension of danger, as it appeared to him from his standpoint at the time, and that he reasonably believed such force was immediately necessary to protect himself against the other person's use or attempted use of unlawful *deadly* force.

"Now, if you find from the evidence beyond a reasonable doubt that the defendant did shoot Willie Gene McCoy with a gun as alleged, but you further find from the evidence that, viewed from the standpoint of the defendant at the

time, from the words or conduct, or both, of Willie Gene McCoy, it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful *deadly* force at the hands of Willie Gene McCoy, and that acting under such apprehension and reasonable belief that the use of deadly force on his part was immediately necessary to protect himself against Willie Gene McCoy's use or attempted use of unlawful *deadly* force, he shot the said Willie Gene McCoy, *and that a reasonable person in defendant's situation would not have retreated,* then you should acquit the defendant on the grounds of self–defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self–defense on said occasion under said circumstances, then you should give the benefit of that doubt to the defendant and acquit him, and say by your verdict, not guilty."

■ It will be noted that this charge was on the law of self–defense under our present Penal Code.* That law was not in effect when this offense allegedly was committed, and it had no application in the trial of this case. See 1973 Texas General Laws, ch. 399, Sec. 6(a). The appellant especially objected to the language that we have emphasized above, which reflected two changes made by V.T.C.A., Penal Code, Sec. 9.32. See the comments on "Deadly Force" and "Retreat" in Searcy & Patterson, "Practice Commentary," 1 *Vernon's Texas Codes Annotated–Penal Code* 346–348 (1974); P. McClung, *Jury Charges for Texas Criminal Practice* 262 (rev. ed. 1979). It was error to charge on inapplicable law of self–defense over the appellant's objections.

■ The State's only reply to this ground of error is that the appellant did not preserve his error by having his oral objections transcribed, endorsed with the court's ruling and official signature, and filed with

* In fact, it followed the form in P. McClung, *Jury Charges for Texas Criminal Practice* 96 97 (1976).

the clerk. See V.A.C.C.P., Art. 36.14. The trial court approved the statement of facts, which contained the transcription of the objections and the ruling. That was sufficient to preserve the ground. *Dirck v. State*, 579 S.W.2d 198 (Tex.Cr.App.1979).

## II.

Although the judgment must be reversed we still must address the appellant's contention that the evidence was insufficient, for this ground would entitle the appellant to a judgment of acquittal rather than a new trial. *Watson v. State*, 605 S.W.2d 877 (1979). See *United States v. Meneses-Davila*, 580 F.2d 888, 896 (5th Cir. 1978).

 The appellant challenges the sufficiency of the proof that the person who was shot was the person named in the indictment, Willie Gene McCoy. We hold that the proof was sufficient.

A "picture" was shown to McCoy's brother; he identified it as a "picture" of Willie Gene McCoy, who was twenty years old. A pathologist identified the same photograph as a photograph of "the person that [he] performed the autopsy on, Willie Gene McCoy." That autopsy was performed on March 2, 1961, at Parkland Hospital. That man was in his early twenties and had been shot through the left side of the chest. A police officer said that he found a body which was identified as that of Willie Gene McCoy outside the Maverick Skating Rink on the night of March 1, 1961, and he sent that body to Parkland Hospital with the name "Willie Gene McCoy." That was the only person killed at that time and place. We have already described the evidence that the appellant shot a man "through the heart" at the Maverick Skating Rink on the night of March 1, 1961. This chain of evidence was sufficient to prove identity.

 The appellant objected that the police officer's testimony was hearsay because he may have gotten the name from bystanders. It was not hearsay because it was not offered to prove the truth of the matter stated (that the body was Willie Gene McCoy's), but rather to prove that the body which was found at the skating rink was the same one which was autopsied and photographed at Parkland Hospital.

## III.

Another ground of error should be mentioned in the event of a retrial. There was evidence that a pistol was seized when the appellant was arrested in his home without a warrant.

 The State's theory of admissibility was that the pistol was the fruit of a lawful search incident to the arrest. But a lawful search incident to arrest is limited in scope. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The police officer could not remember where the pistol was found. This testimony (or the lack of it) could not carry the burden which is on the State to establish the reasonableness of a warrantless seizure. The appellant's objection had merit.

The other grounds of error were without merit.

The judgment is reversed and the cause is remanded.

DOUGLAS, J., concurs in the results.