**Michael Dean LANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63199.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 21, 1981.

Dissenting Opinion Sept. 23, 1981.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley E. Keeton, Christopher Milner and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS and ODOM, JJ.

OPINION

ROBERTS, Judge.

In the early morning hours of October 28, 1978, Edward Hamilton was awakened by the odor of smoke and discovered flames arising from the garage area of his house. An investigation of the incident revealed that the fire started in Hamilton's boat which was parked adjacent to the garage. Evidence recovered following the fire indicated that the boat had been ignited by a road flare. The appellant, who had told friends that he had thrown a flare into Hamilton's boat intending to burn out the seats, was indicted for the offense of crimi-

---

nal mischief over $10,000. The indictment charged that the appellant did:

"knowingly and intentionally damage and destroy tangible property, namely: one boat, one house and furnishings, without the effective consent of Edward E. Hamilton, the owner; the said damage and destruction amounting to a pecuniary loss of over $10,000."

The appellant was found guilty of the charged offense and sentenced to thirteen years' confinement in the Texas Department of Corrections.

■ By his first ground of error the appellant contends that the trial court erred when it overruled his motion to quash the indictment. Specifically the appellant asserts that the indictment's description of the damaged house was insufficient because the State failed to allege the property's general location within the county. Article 21.09, V.A.C.C.P. requires the State to describe real estate alleged in an indictment by identifying the owner, occupant or claimant of the property and its general locality in the county. See *Green v. State*, 578 S.W.2d 411 (Tex.Cr.App.1979). In the instant case the State failed to comply with the latter requirement. This defect in the description of the alleged real estate was properly raised by the appellant's motion to quash. In the face of this motion the indictment was insufficient. *Haworth v. State*, 74 Tex.Cr. 488, 168 S.W. 859 (1914) (motion to quash should have been sustained because indictment failed to describe the alleged real estate by showing in what part of the county the property could be found). The appellant's ground of error is sustained.

The appellant also contends that the evidence was insufficient to support the jury's finding of guilt. Even though we have found reversible trial error we must still address this challenge to the sufficiency of the evidence because such a ground would bar a retrial. *Rains v. State*, 604 S.W.2d

118 (Tex.Cr.App.1980); *Swabado v. State*, 597 S.W.2d 361 (Tex.Cr.App.1980).

■ The appellant contends that independent of his extrajudicial admission * the evidence adduced at trial was insufficient to prove that the alleged property was designedly set on fire. It is well established that in a prosecution for arson the State must prove that the fire involved was of an incendiary origin, and an extrajudicial confession alone is insufficient to establish this requisite element of the offense. The appellant asserts that these "rules governing arson also govern criminal mischief prosecutions" when the damage or destruction was caused by fire. We find no support for the appellant's assertion. But even if the instant prosecution was governed by the "rules of arson," we hold that the evidence was sufficient to support the jury's verdict. A white residue composed of a mixture of several chemicals was recovered from the boat where the fire originated. Dr. Stone, chief of the Physical Evidence Section at the Institute of Forensic Sciences, testified that these chemicals were not consistent with the residue left by burned wood, petroleum or fiberglass but were virtually identical to the chemical residue left by a burned road flare. Dr. Stone further testified that the chemicals he examined were normally found in road flares and that he did not know of any other objects or devices that would contain these same compounds. This evidence, combined with the appellant's extrajudicial admission, was sufficient to prove that the fire was of an incendiary origin. The appellant's ground of error is overruled.

The judgment is reversed and the cause is remanded.

Before the court en banc.

## STATE'S MOTION FOR REHEARING WITHOUT WRITTEN OPINION

McCORMICK, Judge, dissenting.

On original submission, a panel of this Court found sufficient evidence to uphold a

---

* Steven Willingham testified that he had the following conversation with the appellant a month after the offense:

"A. I said, 'How did you do it? Did you torch the roof?' And he goes, 'Well, I threw a flare into the boat . . . and then it caught the house on fire.' "

conviction of criminal mischief over $10,000. However, the conviction was reversed because the panel found the trial court's denial of a motion to quash reversible error. The decision was based upon Article 21.09, V.A.C.C.P., requiring the "general locality in the county" description of real estate in the face of a motion to quash. Because of our previous holdings interpreting Article 21.09, supra, I would grant the State's motion for rehearing and affirm the judgment.

The indictment in the instant case alleges:

"In the name and by the authority of the State of Texas, the Grand Jurors, good and lawful men of the County of Dallas and State of Texas, . . . do present . . . that one MICHAEL DEAN LANE, . . . in the County and State aforesaid, did then and there unlawfully then and there, knowingly and intentionally damage and destroy tangible property, namely: one boat, one house and furnishings, without the effective consent of Edward E. Hamilton, the owner; the said damage and destruction amounting to a pecuniary loss of over $10,000.00. . . ."

Although the indictment clearly alleges Dallas County, appellant moved to quash the indictment, asserting that the indictment failed to allege the "general locality in the county" as required under Article 21.09, supra.[1] The trial court overruled the motion. On appeal, the panel found reversible error in the trial court's ruling, citing *Haworth v. State*, 74 Tex.Cr.R. 488, 168 S.W. 859 (1914), and *Green v. State*, 578 S.W.2d 411 (Tex.Cr.App.1979).

The panel's reliance on *Haworth* is misplaced. In that case, the defendant moved to quash the indictment because it failed to allege from which "common" he supposedly stole sand and gravel. The motion to quash was held proper because there were several "commons" owned by the county and that the term was too vague and indefinite to give notice. However, from a reading of the entire opinion, there emerges the defi-

nite impression that the Court's real reason for reversal lay in the fact that the subject matter of the prosecution amounted to a controversy over title to the land and was a civil matter which should not have been in the criminal court in the first place. This Court in *Hodge v. State*, 527 S.W.2d 289 (Tex.Cr.App.1975), also recognized the holding in *Haworth* for what it was and summarily treated its authoritativeness as follows:

"... [T]he prosecution was for trespassing and taking earth and sand from certain property for which the title and ownership was in dispute. The Court reversed the judgment and said that it was a proper case to be decided in the civil courts." *Hodge*, at 291–292.

Further, the Court misconstrues the *Green* decision. In *Green*, the appellant contended that the indictment was fundamentally defective as to venue because of conflicting and inaccurate allegations in the indictment. In addressing those contentions, a panel of this Court correctly held that the inaccurate allegation as to location was surplusage, i. e., not a necessary part of the indictment. Therefore, the indictment was upheld. Although there is dicta in *Green* implying that Article 21.09 requires pleading the "general locality in the county", such language should be modified in accordance with previous decisions.

Article 21.09 reads:

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same."

The issue is whether the description, "the general locality in the county", *is necessary*

---

1. The predecessors to Article 21.09, supra, are Texas Code of Criminal Procedure Article 427 (1879), Article 446 (1896), and Article 458

(1911). The wording of those articles, concerning real estate description, is identical.

to describe a house damaged in a criminal mischief case.

In interpreting Article 21.09, this Court has held that it is only necessary to allege the name of the county as the place where an offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where committed is not an element of the offense, and (3) the court in which the offense is tried has county-wide jurisdiction. *Hodge v. State,* supra; accord, *Ex parte Hunter,* 604 S.W.2d 188 (Tex.Cr.App.1980). The need for a special "general locality" is not required unless a factor, as set out in *Hodge,* has been negated.[2]

In the instant case, no circumstances exist requiring the "general locality in the county" description. The offense of criminal mischief can occur anywhere within the county. The fact that the offense may involve real property does not require a more particular pleading. *Orato v. State,* 170 Tex.Cr.R. 514, 342 S.W.2d 108 (1960) (allegation of arson of a "building" of a certain named party not subject to a motion to quash); *Howard v. State,* 480 S.W.2d 191 (Tex.Cr.App.1972) (burglary allegation of entry of "house" not subject to motion to quash).

Likewise, the offense of criminal mischief does not require a particular place as an element of the offense. The elements of criminal mischief, V.T.C.A. Penal Code, Section 28.03, are found when, under subsection (a)(1), an actor:

(1) without the effective consent of the owner,

(2) intentionally or knowingly,

(3) damages or destroys

(4) tangible property of the owner

or, under subsection (a)(2), the actor:

(1) without the effective consent of the owner

(2) intentionally or knowingly

(3) tampers with

(4) tangible property

(5) causing pecuniary loss or substantial inconvenience to the owner or a third person.

Appellant was charged under subsection (a)(1). Since Section 28.03 does not require a particular place or location for the offense of criminal mischief, the allegation of the "general locality in the county" of the house destroyed is not necessary. Compare, *Shane v. State,* 513 S.W.2d 579 (Tex.Cr.App. 1974) (allegation under Article 667–19B(b), V.A.P.C. (1925), must state that appellant engaged in lewd or immoral conduct on the "premises of a liquor licensee"); *Nevarez v. State,* 503 S.W.2d 767 (Tex.Cr.App.1974) (allegation under formal Penal Code Section 483 (1925) must allege possession of pistol on the premises of a liquor licensee); see also, *Fox v. State,* 561 S.W.2d 495 (Tex.Cr. App.1978); *Adams v. State,* 524 S.W.2d 67 (Tex.Cr.App.1975).

Finally, the trial court had county-wide jurisdiction. Appellant was charged with committing the offense of criminal mischief over $10,000 in Dallas County. The offense is a second degree felony. Section 28.-03(b)(5), supra. The case was tried in the Criminal District Court No. 4 of Dallas County. Under Article 199(162), V.A.C.S., Dallas Criminal District Court No. 4 has jurisdiction over felony cases co-extensive with the limits of Dallas County. See also, Articles 4.05 and 4.16, V.A.C.C.P.

This conclusion is consistent with the intent of the 1975 amendment to Article 21.-09, V.A.C.C.P. One need only examine the Bill Analysis prepared by the Senate Jurisprudence Committee, Subcommittee on Criminal Matters, at the time S.B. 122, Acts 1975, 64th Leg., p. 909, ch. 341, Sec. 2, was passed:

"*Background Information*

The State Bar of Texas established a committee composed of judges, prosecutors, and criminal defense attorneys to identify problem areas in the Code of Criminal Procedure and Penal Code and

---

**2.** Although not exhaustive, some of the circumstances requiring a more particular pleading are set out in *Hodge v. State,* supra.

to draft solutions. The committee sought to identify the problem areas by requesting criminal practitioners throughout the State to submit problems. Based upon this input, the committee attempted to draft solutions. This bill represents the changes in the Code of Criminal Procedure agreed to by the judges, criminal defense lawyers, and prosecutors, and has been adopted by the State Bar of Texas as part of its legislative program.

"\* \* \*

*"Section By Section Analysis:*

"\* \* \*

"Section 2. Amends Article 21.09, relating to descriptions of property in an indictment. This provision is designed to solve the hot check problem in Texas. The Penal Code deals with hot checks as theft under Section 31.03 which requires that the property stolen be alleged. Under some old cases, the term 'groceries' has been held insufficient and it is impossible for merchants to keep adequate records as to how many cans of beans, etc. The amendment proposed by this section seeks to solve this problem."

Additionally, the testimony presented before the Subcommittee on Criminal Matters in support of Senate Bill 122 (which is preserved at the Texas Legislative Reference Library at the State Capitol) tracks almost verbatim the intent stated in the Bill Analysis.

As can be seen, a problem had been anticipated as a result of merging Article 567b, Penal Code (1925), into theft under V.T. C.A. Penal Code, Section 31.03, where a check was given in exchange for goods rather than cash. The deletion of the phrase, "when it becomes necessary to describe property", does not demonstrate an intent to change the former rules relating to description of real property in an indictment. As amended, Article 21.09, V.A.C. C.P., still implies it is applicable only when a description is required; a deletion of the quoted phrase amounts to no more than a deletion of unnecessary verbiage. To hold otherwise is to thwart the intent of the Legislature.

Therefore, in accordance with *Hodge* and *Orato*, the general rule that only the county where the offense was committed need be alleged is applicable to the case before us. As stated, the offense of criminal mischief can be committed anywhere within the county, the place of the offense is not an element of the offense, and the trial court has county-wide jurisdiction.

I must, therefore, dissent to the action of the majority.

ONION, P. J., DALLY, W. C. DAVIS, JJ., join in this dissent.