Ronald Kent **FRANKS**, Appellant,

v.

**STATE**, Appellee.

No. 01-82-0371-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 1, 1983.

Discretionary Review Granted
Jan. 18, 1984.

Larry Dowell, Houston, for appellant.

Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, COHEN and BASS, JJ.

## OPINION

BASS, Justice.

Appellant was charged with burglary of a habitation, with an enhancement count. A jury found appellant guilty. Punishment was assessed at 50 years confinement.

The judgment is affirmed.

Kenneth Ray Mack testified that he lived with his parents at 8313 Manchester in the City of Houston, and that he was at home on the day the offense occurred. He stated that he heard someone knocking at the front door of the house, looked out, and saw the appellant at the front door. He did not answer or respond to the knocking. Shortly thereafter, he heard a window being raised in the back bedroom and went to see what was happening. He saw the appellant stick his head through the window, so he grabbed a shotgun and told the appellant to leave. Appellant replied by saying, "I wasn't going to do nothing." Appellant left and Kenneth called the police.

J.A. Hayden, a Houston police officer, was dispatched to the Mack residence where he got the appellant's name from Kenneth Mack and arrested the appellant.

Mishie Mack testified that he worked for the City of Houston, that he lived at 8313 Manchester in the City of Houston, and that he owned the residence. He further stated that he had not given the appellant permission to enter the home.

Leslie L. Borstedt testified at the punishment hearing, stating that he was a fingerprint expert in the Fingerprint Identification Department of the Harris County Sheriff's office. He took the appellant's fingerprints and compared them to those contained in two pen packets. He testified that he found the fingerprints to be identical. The two pen packets were admitted into evidence.

Appellant does not question the sufficiency of the evidence.

Appellant, in his first ground of error, alleges that the trial court erred in overruling his motion to quash the indictment because the description of the property was insufficient. Appellant contends that the indictment failed to allege in what part of Harris County the habitation in question was located, and that in the face of a motion to quash, *Lane v. State,* 621 S.W.2d 172 (Tex.Cr.App.1981) requires reversal.

However, we find the recent decision announced in *Denison v. State,* 649 S.W.2d 304 (Tex.Cr.App.1983), to be controlling, and that holding is directly contrary to appellant's assertion. That court stated that even in the face of a motion to quash for failure to designate the precise location of the habitation in a burglary indictment, "the allegation of situs ["Dallas County"] *was sufficient.*"

Appellants' first ground of error is overruled.

Appellant, in his second ground of error, contends that the trial court erred in failing to include his requested charge on exculpatory statements. Appellant requested the following charge:

You are instructed that when a statement or admission of a defendant is introduced into evidence by the State then the entire admission or the statement is to be considered together and the State is bound by any statement therein that constitutes, if true, a defense or justification charge against the person making the admission or confession unless such statement is shown by the evidence beyond a reasonable doubt to be untrue. Such admission or statements are to be taken into consideration by the jury as evidence in connection with all other facts and circumstances in the case.

So in this case, unless it has been shown by the evidence beyond a reasonable doubt that the statement in the alleged confession introduced into evidence or, excuse me, that the statement introduced

into evidence, to wit: Why didn't you answer and the fellows are waiting on you and at another point I wasn't doing nothing is untrue, taken into consideration all of the facts and circumstances in the case, or if you have a reasonable doubt as to whether such statement quoted above has been proved to be untrue, then you will acquit the defendant of the offense of burglary of a habitation.

Appellant contends that the statements "I wasn't going to do nothing," "why didn't you answer," and "I was waiting on you, where have you been," constitute exculpatory statements, and that the failure to give the requested charge was error. He cites *Jackson v. State,* 551 S.W.2d 351 (Tex.Cr. App.1977), and *Grady v. State,* 466 S.W.2d 770 (Tex.Cr.App.1971), as authority.

However, neither *Jackson,* nor *Grady,* apply, *supra.* *Jackson,* dealt solely with the testimony of a witness for the defendant with regard to misidentification. *Grady,* held that a statement made by a defendant had been made for the purpose of committing the crime and was therefore not an exculpatory statement.

In the instant case, the trial court gave the following charge regarding the statements made by the appellant, to-wit:

You are instructed that when a statement or admission of a defendant is introduced into evidence by the State then the entire admission or the statement is to be considered together and the State is bound by any statement therein that constitutes, if true, a defense or justification charge against the person making the admission or confession unless such statement is shown by the evidence beyond a reasonable doubt to be untrue.

The evidence shows that appellant's statement was made as he was trying to leave the premises *after* the complainant's son had discovered him and was pointing a shotgun at him.

The jury was adequately charged concerning both of appellant's statements and it was the State's burden of proof to disprove any defense or justification raised by such statements. See *Grady, supra.*

Appellant's second ground of error is overruled.

The judgment is affirmed.

COHEN, Justice, dissenting.

I would hold on the authority of *Lane v. State,* 621 S.W.2d 172 (Tex.Cr.App.1981) that the trial court erroneously denied the appellant's motion to quash asking that the general locality of the victim's habitation be alleged. *Lane* was a criminal mischief case; however, article 21.09, C.C.P., requiring an allegation of the general locality in the county of real estate, applies to burglary cases. See *Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975).

*Hodge, supra,* should not control the disposition of this case because it involved a claim of fundamental error in the indictment, whereas, in the instant case, the question is whether denial of the motion to quash was reversible error. See *Hodge, supra,* at 290.

In a recent burglary case, *Denison v. State,* 651 S.W.2d 754, 758 (Tex.Cr.App. 1983) the Court held that the trial court properly denied a motion to quash asserting that the indictment was defective because it "failed to designate the address of the habitation." The Court stated:

In an extensive review of the case law Judge Dally examined the particularity with which situs of an offense must be alleged under § 30.02. *Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975). In *Hodge,* this court held only the county need be alleged as the place where the offense was committed in a burglary indictment under § 30.02. In the instant situation the indictment alleges the offense occurred in "Dallas County." The allegation of situs was sufficient and this ground of error is overruled.

This seems to conflict with the holding in *Lane* without overruling it. Although the motion to quash in *Denison* did not ask for the general locality in the county of the real estate, but rather for the address of the habitation, a more specific request than is

mentioned in article 21.09, the Court did not base its opinion on this distinction.

I am concerned that our jurisprudence now contains two decisions, *Lane* and *Denison, supra,* which appear to conflict in the resolution of an issue which could affect many criminal cases. In my opinion, *Lane v. State* should be followed until it is overruled.

I respectfully dissent.