**Carlos Molina SANTANA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 63817.

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

Doris Sipes, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Stuart Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

A jury convicted appellant of burglary of a building, V.T.C.A., Penal Code, § 30.-02(a)(1). The court assessed punishment at twelve years' confinement.

Appellant contends that the court erred when it overruled his motion to quash the indictment. The indictment tracks the words of the statute and alleges that appellant burglarized "a portion of a building" in El Paso County. Appellant argues that this description is vague, indefinite and defective under Articles 21.09 and 21.02, § 7, V.A.C.C.P.[1]

The general rule is that an indictment that tracks the words of a statute is legally sufficient. *Marrs v. State,* 647 S.W.2d 286 (Tex.Cr.App.1983); *Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1979). V.T.C.A. Penal Code, § 30.02 provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; ..."

The present indictment tracks the statutory language and is sufficient *unless* the facts sought by a motion to quash are essential to giving notice. *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Cr.App.1981).

---

1. Art. 21.09 provides in pertinent part, "If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same.

Both "habitation" and "building" are defined in V.T.C.A. Penal Code, § 30.01. Definitions of terms are essentially evidentiary and need not be alleged by the State. They are matters of proof. "Habitation" is sufficient description. *Marrs,* supra, 647 S.W.2d at 289. "Habitation" having been found sufficient, "building" is *a priori* sufficient. We hold that an allegation of "a portion of a building" is likewise sufficient to provide appellant with notice of acts or omissions he is alleged to have committed. "Portion of a building" tells the accused both that the offense took place in a building and that the State contends that the part of the building involved, and not necessarily the whole building, was not then open to the public. The description is sufficient as against appellant's motion to quash.

In addition, appellant alleges that the description is insufficient for failing to allege the city and the particular building in which the offense occurred.

In *Nevarez v. State,* 503 S.W.2d 767, 768–69 (Tex.Cr.App.1974), this Court stated:

"Murder, burglary and theft are examples of offenses which may be committed anywhere within the county and it is only necessary in such cases to allege that the offense occurred within the county."

A timely motion to quash was properly overruled.

*Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975), next established the three-step test that has become the "almost universal rule" applicable to claims of inadequate description involving location within the county where the offense occurred.

"It is only necessary to allege the name of the county as the place where an offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where committed is not an element of the offense, and (3) the court in which the offense is tried has countywide jurisdiction." 527 S.W.2d at 292

■  The *Hodge* test applies to claims of defective description whether raised by overruling of motion to quash or by allegation of fundamental defect. *Hodge,* supra;

*Denison v. State,* 651 S.W.2d 754 (Tex.Cr.App.1983); *Pinkerton v. State,* —— S.W.2d ——, No. 68,903 (delivered July 13, 1983).

■  The offense of burglary with which appellant was convicted may be committed anywhere within the county. The state district court in which the offense was tried has countywide jurisdiction. Finally, a specific location is not an element of § 30.-02(a)(1). *Denison,* supra; *Pinkerton,* supra. Appellant's ground of error is overruled. To the extent that it is inconsistent with this opinion, *Lane v. State,* 621 S.W.2d 172 (Tex.Cr.App.1981) is overruled.

■  Appellant's second ground of error alleges a violation of the Speedy Trial Act, Article 32A.02, V.A.C.C.P. Appellant argues that the State's announcement of ready, filed with the District Clerk within 120 days of the commencement of the action, is insufficient for the purposes of Article 32A.02. Citing no authority for the proposition, appellant contends that the announcement of ready must be made in open court. The contention is without merit. The instant procedure is the same as that followed in *Lopez v. State,* 628 S.W.2d 82 (Tex.Cr.App.1982) and *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979). Appellant's ground of error is overruled.

The judgment is affirmed.

ONION, P.J., and McCORMICK and CAMPBELL, JJ., concur in the result.

ODOM, Judge, dissenting.

The majority opinion has confused two distinct rules of pleading, and in doing so reaches the wrong conclusion in this case.

The rule upon which the majority relies is that an allegation of the *location of the offense* need only state the county if the offense may be committed anywhere in the county, the place where the offense is committed is not an element of the offense, and the trial court has countywide jurisdiction. Appellant, however, relies on Art. 21.09, V.A.C.C.P., which states the rules for alleging *descriptions of property:*

"If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same."

The majority misses the point and avoids the issue by relying on a rule that is irrelevant to the issue raised. Location of the offense and description of the property are two distinct matters, that, in burglary, happen to coincide, since the real property that is the object of this property offense also happens to be the location of the offense. The fact that the rule for alleging the location of the offense has not been violated does not mean Art. 21.09 may be ignored.

Three of the cases cited by the majority are burglary prosecutions. In *Marrs v. State*, 647 S.W.2d 286, Art. 21.09 apparently was not relied on by the defendant because it is neither cited nor discussed in the opinion. *Hodge v. State*, 527 S.W.2d 289, cites Art. 21.09, which it quotes in a footnote. The discussion of the issue under consideration there, however, focuses upon the location of the offense rather than description of property. The distinction between these two issues seems not to have been noticed there, just as it is not noticed by the majority in this case. The issue before the Court today was not decided in *Hodge*. *Denison v. State*, 651 S.W.2d 754, merely relied on *Hodge* without elaboration, when it overruled a ground of error challenging the allegation of the location of the offense. In sum, none of the burglary cases cited by the majority discussed the rule that applies to this case, nor decided the issue raised here.

*Lane v. State*, 621 S.W.2d 172, which the majority purports to overrule "to the extent that it is inconsistent with this opinion," is the only case cited by the majority that does discuss the issue that appellant has raised. The rule followed in *Lane* is not inconsistent with the rule relied on by the majority: they are simply two different rules that apply to two entirely different issues. The majority applies the wrong rule and thereby reaches the wrong conclusion. *Lane* should be followed.

CLINTON, TEAGUE and MILLER, JJ., join this dissent.