**Ronald Kent FRANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 879–83.

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1985.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and Jesse Rodriquez, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of burglary of a habitation, found that appellant had been previously convicted of a felony, and assessed punishment at fifty years' confinement. The court of appeals affirmed the judgment. 661 S.W.2d 166. We granted appellant's petition for discretionary review to address the court of appeals affirmance of the denial of appellant's motion to quash the indictment, and to address the apparent conflict between our decision in *Lane v. State*, 621 S.W.2d 172 (Tex.Cr.App.1981) and those in *Denison v. State*, 651 S.W.2d 754 (Tex.Cr.App.1983) and *Pinkerton v. State*, 660 S.W.2d 58 (Tex.Cr.App.1983).

The indictment charged, in pertinent part, that "... in Harris County, Texas [appellant did] with intent to commit theft, enter a habitation owned by MISHIE MACK, ... without the effective consent of the Complainant, namely, without any consent of any kind." Appellant's motion to quash states that the indictment does not provide adequate notice from which he can prepare a defense because it fails to "allege what part of Harris County the habitation in question was located as required by Art. 21.09, V.A.C.C.P." Art. 21.-09, V.A.C.C.P. provides:

> If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same.

This statute, by its terms, applies to descriptions of real property.

It was held in *Lane*, supra, that the failure to allege the general location of the real property within the county rendered the indictment insufficient in the face of a motion to quash. In *Pinkerton*, however, we held it sufficient to allege the county in which an offense is committed where it may be committed anywhere within the county, and further held that burglary is such an offense. In *Denison*, supra, a plurality opinion states the same conclusion without setting out the rationale.

At first glance, the cases do appear to conflict, but they are distinguishable. *Lane* was a prosecution for arson, in which the real property served not only as the *situs* of the offense, but as its *object*. The building itself was what the defendant was alleged to have sought to destroy.

█ In a burglary case, however, it is necessary that the situs of the offense be a building or residence, but the object of the offense is the felony or theft to be committed therein,[1] and the building is necessary to the offense only qua situs.

We hold that Art. 21.09 applies to real estate alleged qua object of the offense, but not to real estate alleged only qua situs of the offense. To the extent any case holds to the contrary, it is overruled.

█ In light of the distinction drawn ante, we find no conflict in the cases cited. Appellant's ground for review is overruled; the judgments of the trial court and the court of appeals are affirmed.

ONION, P.J., and CLINTON and MILLER, JJ., dissent.

TEAGUE, Judge, dissenting.

In part, Art. 21.09, V.A.C.C.P., expressly provides that "If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same." I believe that to any intelligent person this statute is clearly written and its wording or meaning should not be subject to debate. Indeed, over 70 years

---

1. Unless, of course, the intended offense itself focuses upon the building, as in burglary with intent to commit arson.

ago, in *Haworth v. State*, 74 Tex.Cr.R. 488, 168 S.W. 859 (Tex.Cr.App. 1914), this Court held that a motion to quash the indictment in that cause should have been sustained because the indictment, which attempted to allege the offense of entering upon land owned by the County of Commanche and removing therefrom earth and sand without lawful consent, failed to describe the alleged real estate by showing in what part of the county the property could be found. Also see *Lane v. State*, 621 S.W.2d 172 (Tex.Cr.App. 1981).

Today, however, a majority of this Court not only rewrites the statute but redefines the legal term "real estate," by stating, without any supporting lawful authority, or any meaningful legal discussion, that "Art. 21.09 applies to real estate alleged qua object of the offense, but not to real estate alleged only qua situs of the offense."

When most, but, of course, not all, of us attended law school and studied the law of real estate or real property, we were taught that the term "real estate" is usually defined to mean the following: "Land and anything permanently affixed to the land, such as buildings, fences, and those things attached to the buildings, such as light fixtures, plumbing and heating fixtures, or other such items which would be personal property if not attached." 1137 *Black's Law Dictionary* (1979 Edition). Thus, that part of the statute, which states that "[i]f the property be real estate," simply means that if the gist of the offense concerns some type of "real estate," "its general locality in the county" should be stated in the indictment, and, if it is not stated therein, the indictment is subject to a motion to quash for failure to give the accused notice of the accusation.

I have spent several hours going through many legal works that discuss the law of real estate or real property, including legal works that go back to the Common Law, and have yet to find such phrases as "real estate qua object of the offense" or "real estate qua situs of the offense," which the majority uses in its opinion. Nor does the

majority cite any authority where one might find such phrases.[1]

I do not believe that appellate court judges are entitled or empowered to disagree with what the Legislature has clearly mandated. But to write a legal opinion that does what only the Legislature is empowered to do is not acting judicially, but, in fact, is acting legislatively. In reaching what to many might appear to be an acceptable result, the majority usurps the function of the Legislature, and poaches upon territory that is Constitutionally reserved for another branch of our Government-the Legislature. This is not only impermissible, it is unlawful assumption of power that this Court does not have the right to assume.

Therefore, I respectfully dissent not only to the erroneous holding the majority makes in this cause, but to the wound that it inflicts upon the law of real estate or real property.

MILLER, Judge, dissenting.

For the reasons given in the dissenting opinion in *Santana v. State*, 658 S.W.2d 612 (Tex.Cr.App. 1983), I dissent to the majority opinion.

---

1. Nor have I found such phrases described in any treatises on Criminal law.