**In the Interest of T.N.V., A Minor Child, Appellant.**

**No. 13-91-665-CV.**

Court of Appeals of Texas, Corpus Christi.

May 6, 1993.

Patricia A. Presley, Austin, for appellant.

Oscar Fuentes, McAllen, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

The trial court dismissed with prejudice appellant's petition to voluntarily legitimate his daughter. By two points of error, appellant complains that the trial court erred in dismissing the suit with prejudice without appointing a guardian ad litem for the child and without any party requesting dismissal with prejudice. We agree that the trial court erred in dismissing appellant's suit with prejudice. We modify the trial court's judgment to reflect dismissal of the suit without prejudice, and, as modified, affirm the trial court's judgment.

Appellant filed a Petition for Voluntary Legitimation of his biological daughter, T.N.V. The mother of the child filed a general denial. Appellant also filed motions for temporary visitation, a social study of the child, and appointment of a guardian ad litem. After the parties conducted discovery, the trial court conducted a hearing and entered the following temporary orders:

a. The Respondent, Naommie Cox, is appointed Temporary Managing Conservator of the child until further order of this Court.

b. The Petitioner, Arturo Velasquez, is appointed Temporary Possessory Conservator of the child.

c. Due to Petitioner's confessed positive infection with the "AIDS" Disease (HIV virus) and, the Court being further cognizant of the dangers to innocent parties by carriers of said disease, and the Court nonetheless being aware of Petitioner's desire and right to visit his child; the Court orders that visitation shall take place at the child's residence on alternate Wednesdays between the hours of 4:00 p.m. and 7:00 p.m. inclusive.

d. During such visitation periods, the child shall be fully robed and fully clothed with gloves, sterile gown and face mask, as shall the Petitioner herein. There shall be no "skin to skin" contact at any time during the visit.

e. No visitation shall occur or be permitted at any time during which the child might have any open cut, blisters, or other type of bodily abrasion which could conceivably allow the transmission of this illness to the child.

Upon receiving these temporary orders, appellant filed a motion for non-suit and requested that the trial court dismiss his case. The trial court ordered the suit dismissed with prejudice.

A voluntary non-suit does not constitute a litigation of the issues in a case and does not prejudice the parties against seeking the same relief in a subsequent case. *KT Bolt Mfg Co. v. Texas Elec. Coop., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied). The trial court erred by entering a dismissal with prejudice.

We sustain appellant's first point of error. Due to our disposition on that point, it is unnecessary to discuss appellant's second point of error. *See* Tex.R.App.P. 90(a).

The judgment of the trial court is MODIFIED to reflect that the dismissal of this suit is without prejudice. As modified, we AFFIRM the trial court's judgment.

NYE, C.J., not participating.