**Elmer LUSK, Appellant,**

v.

**SERVICE LLOYDS INSURANCE COMPANY and Texas Workers' Compensation Commission, Appellees.**

**No. 03–96–000081–CV.**

Court of Appeals of Texas, Austin.

May 8, 1996.

Rehearing Overruled June 19, 1996.

Caldwell Fletcher, Houston, for appellant.

Darryl J. Silvera, E. Thomas Bishop, P.C., Dallas, E. Thomas Bishop, E. Thomas Bishop, P.C., Dallas, for Service Lloyds Insurance Co.

Dan Morales, Attorney General, Joseph A. Pitner, Tort Litigation Division, Assistant Attorney General, Austin, for Texas Workers' Compensation Commission.

Before POWER, JONES and B.A. SMITH, JJ.

PER CURIAM.

Elmer T. Lusk, appellant, attempts to appeal from an order dismissing his original petition brought against Service Lloyds Insurance Company ("Service Lloyds") and Texas Workers' Compensation Commission (the "Commission"), appellees. Although Lusk timely perfected his appeal, he failed to timely submit the record for appellate review. We shall dismiss the appeal for want of jurisdiction.

The transcript tendered to this Court shows that Service Lloyds and the Commission filed motions in the trial court to dismiss Lusk's original petition based on lack of subject matter jurisdiction. The motions urged that appellant failed to exhaust his adminis-trative remedies within a timely manner and thus, all administrative decisions became final and unappealable. On October 19, 1995, the trial court jointly granted the motions and dismissed the cause. The order of dismissal states "[t]he Court, after reviewing the *Pleas to the Jurisdiction and the argument of counsel,* is of the opinion that the Pleas to the Jurisdiction should be granted." (Emphasis added.) As evidenced by the language in the order and the presence of a statement of facts, dismissal was solely based upon the motion, the pleadings on file, and the arguments made at the accompanying hearing. On November 13, 1995, Lusk timely perfected his appeal by filing his notice of appeal and cost bond with the trial court. Lusk timely requested findings of fact and conclusions of law on November 6, 1995, and amended his request on November 13, 1995. The trial court did not respond.

■ The applicable rule in the instant cause is rule 54 of the Texas Rules of Appellate Procedure which provides:

The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, ... or if any party has timely filed a request for findings of fact and conclusions of law in a case *tried* without a jury, within one hundred twenty days after the judgment is signed.

Tex.R.App.P. 54(a) [emphasis added]. The word "tried" is similarly used in rule 296 of the Texas Rules of Civil Procedure and provides that parties may only request findings of fact and conclusions of law in cases tried without a jury. Tex.R.Civ.P. 296. The trial envisioned by Rule 296 is an evidentiary hearing to the court or a bench trial on the merits. *Davis v. State,* 904 S.W.2d 946, 949 (Tex.App.—Austin 1995, no writ); *Zimmerman v. Robinson,* 862 S.W.2d 162, 164 (Tex. App.—Amarillo 1993, no writ); *see also* McDonald Texas Civil Practice § 20.4 (1992).

■ A request for findings of fact and conclusions of law after a summary judgment does not extend the appellate timetable because findings of fact have no place in a summary judgment proceeding. *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.

1994). This Court declined to extend *Linwood* to judgments rendered on stipulated facts. *Davis,* 904 S.W.2d at 950–51. We distinguished the role of findings in summary judgment cases, where findings *unqualifiedly* have no place, from that in agreed cases, where findings *generally* have no place. *Id.* at 957. We also noted that, in an appeal from an agreed case, we cannot determine whether findings are necessary until we have jurisdiction over the cause. *Id.* This cause resembles *Davis* in that a ruling on a motion to dismiss for want of jurisdiction might require that evidence be received.[1] This cause differs from *Davis,* however, in that it is clear from this record that the trial court heard no evidence before rendering judgment. Moreover, unlike *Davis,* the cause before us does not concern stipulated facts from which inferential findings might be made. Because, without evidence, the trial court had no facts to determine and no trial occurred, findings of fact are clearly inappropriate. *See Linwood,* 885 S.W.2d at 103; *Zimmerman,* 862 S.W.2d at 164.

■ Ordinarily, the timely filing of a request for findings of fact and conclusions of law would extend the deadline to file the record to one hundred and twenty days after the judgment was signed. Tex.R.App.P. 54(a). However, in the instant cause, there was no factual evidence presented to the trial court. Following a hearing on the plea to the jurisdiction, the court rendered judgment based solely upon the motions, the pleadings on file, and the arguments predicated upon those motions. Thus, a request for findings and conclusions under these particular circumstances, is without effect, and such request is insufficient to extend the sixty-day period for timely filing the appellate record. *See WISD Taxpayers Ass'n v. Waco Ind. Sch. Dist.,* 912 S.W.2d 392, 394 (Tex.App.— Waco 1995, no writ).

■ The record in this cause was due in this Court within sixty days after the judgment was signed or on or before December 18, 1995. Tex.R.App.P. 54(a). Lusk timely filed his Statement of Facts on December 8, 1995. However, he failed to file the transcript or a motion for extension of time to file the transcript within the seventy-five day time period. Although Lusk filed his Original Request for Findings of Fact and Conclusions of Law on or about November 1, 1995, such filing does not, in this instance, operate to extend the appellate timetable. Further, no motion for new trial or other post-judgment motion under Tex.R.Civ.P. 306a was filed by Lusk. Hence, the record could have been filed in this Court as late as January 2, 1996. *See* Tex.R.App.P. 54(a).

Lusk tendered the record too late. On February 8, 1996, he filed a motion to extend time to file the transcript. Subsequently, the transcript was tendered in this Court on February 15, 1996. Although this Court has received Lusk's motion to extend the time of filing, we conclude that such motion is untimely. The appellate deadlines are mandatory. This Court has no jurisdiction to consider a motion filed after the fifteen-day grace period has expired. *Trans–Continental Properties, Ltd. v. Taylor,* 717 S.W.2d 890, 891 (Tex.1986).

Because Lusk has failed to properly bring the record before this Court for appellate review, we deny appellant's motion for extension of time to file the transcript and we grant appellees' motions to dismiss this appeal for want of jurisdiction.

The appeal is dismissed for want of jurisdiction.

---

1. *See Booth v. Texas Employers' Ins. Ass'n.,* 132 Tex. 237, 123 S.W.2d 322, 327 (1938); *Flowers v. Lavaca County Appraisal Dist.,* 766 S.W.2d 825, 827 (Tex.App.—Corpus Christi 1989, writ denied); *Delk v. City of Dallas,* 560 S.W.2d 519, 520 (Tex.Civ.App.—Texarkana 1977, no writ); *Lane v. Davis,* 337 S.W.2d 292, 293 (Tex.Civ. App.—San Antonio 1960, no writ).