AUSTIN V. LAMBETH 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00096-CV







City of Austin and State of Texas, Appellants



v.



Lambeth Building Company, fee owner; NCNB, Texas National Bank, successor in


interest to First Republic Bank, San Antonio, N.A., successor in interest to


Interfirst San Antonio, N.A., lienholder; et al. (1)







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 91-159-C368, HONORABLE BURT CARNES, JUDGE PRESIDING








 This is an eminent domain case. Appellants, the State of Texas and the City of Austin
(collectively, the "City") attempt to appeal from a final judgment granting them title to property and
awarding appellees, Lambeth Building Company and numerous interest owners (collectively, "Lambeth")
the damages set by the Special Commissioners' award. Because we hold that the City failed to timely
perfect its appeal, we will dismiss this appeal for want of jurisdiction. 


THE PROCEEDINGS


 Special Commissioners appointed by the district court held a hearing in August 1991, after
which they determined that Lambeth should be awarded $855,000 in damages for the condemnation of
their property. The award was filed with the district court, and the City filed objections to the award and
served the other parties. Lambeth in turn filed objections but did not attempt service until August 21, 1995,
when they obtained a waiver of service from the City. The amount of the award was deposited with the
district court. On December 16, 1991, an order was signed that allowed Lambeth to withdraw the award,
which they did. The only issue remaining was the amount of compensation due. Nothing further occurred
in the case for over three years. 

 In May 1995, Lambeth filed a motion to dismiss the City's objection to the Special
Commissioners' award alleging the objections were abandoned for want of prosecution. The district court
held hearings on the motion and the City's objections to the proposed final judgment. No evidence was
presented. On October 23, the district court dismissed the objections and rendered final judgment on the
award. (2) The City requested findings of fact and conclusions of law on October 27. On November 27,
the City filed a notice that the findings were past due. The City filed its notice of appeal on December 12. 
The district court signed an order denying the City's request for findings on December 14. Lambeth filed
a motion to dismiss in this Court asserting that the appeal was not timely perfected and that this Court,
therefore, does not have jurisdiction over the case. 



DISCUSSION


 The applicable rules of law in this case are Rule 40(a)(2) and Rule 41(a)(1) of the Texas
Rules of Appellate Procedure. Rule 40(a)(2) provides:



 When security for costs on appeal is not required by law, the appellant shall in lieu
of a bond file a written notice of appeal with the clerk or judge which shall be filed within
the time otherwise required for filing the bond. (3)



Tex. R. App. P. 40(a)(2). Rule 41(a)(1) provides:



 When security for costs on appeal is required, the bond or affidavit in lieu thereof
shall be filed with the clerk within thirty days after the judgment is signed, or within ninety
days after the judgment is signed . . . if any party has timely filed a request for findings of
fact and conclusions of law in a case tried without a jury. 



Tex. R. App. P. 41(a)(1). We hold that the City's request for findings of fact and conclusions of law did
not extend the appellate timetable. 

 A request for findings of fact and conclusions of law is appropriate only when a case is
"tried . . . without a jury." See Tex. R. Civ. P. 296 (emphasis added). For the purposes of Rule 296, a
trial is an evidentiary hearing to the court or a bench trial on the merits. Davis v. State, 904 S.W.2d 946,
949 (Tex. App.--Austin 1995, no writ); see also Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex.
App.--Amarillo 1993, no writ). When it is clear from the record that the trial court heard no evidence
before rendering judgment, a request for findings of fact and conclusions of law is inappropriate and will
not extend the appellate timetable. See Lusk v. Service Lloyds Ins. Co., 922 S.W.2d 647, 649 (Tex.
App.--Austin 1996, writ requested); see also Linwood v. NCNB Texas, 855 S.W.2d 102, 103 (Tex.
1994) (holding that a request for findings of fact and conclusions of law following summary judgment does
not operate to extend the appellate timetable). 

 The City argues that the district court rendered judgment on the merits, and therefore, the
hearing was in fact a "trial." We disagree. Once the trial court dismissed the objections, it merely reinstated
the Special Commissioners' award and did not independently determine the appropriate amount of
compensation. The record is clear that the trial court held no evidentiary hearing in the cause and made
no factual determination; therefore, there was no "trial." The trial court ordered the dismissal and the
rendition of judgment solely on the basis of the pleadings, the records on file with the trial court, and
argument of counsel. Because the district court was not called upon to determine questions of fact, the
City's request for findings of fact and conclusions of law did not extend the thirty-day period for filing the
notice of appeal. See Linwood, 885 S.W.2d at 103; Lusk, 922 S.W.2d at 649. 

 The appellate timetable began to run on October 23, 1995 when the judgment was signed. 
The City's notice of appeal was, therefore, due in this Court on or before November 22. See Tex. R. App.
P. 40(a)(2); Tex. R. App. P. 41(a). The City never filed a motion for new trial or a motion to reinstate and
did not file its notice of appeal until December 12. 



CONCLUSION


 Because the City's notice of appeal was not timely, and because the appellate deadlines
are mandatory, this Court lacks jurisdiction to consider this appeal. We dismiss this appeal for want of
jurisdiction. 



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: October 16, 1996

Do Not Publish

1.   The other appellees are Albertson's, Inc., a Delaware Corporation, easement holder and
lessee; Bank One, Texas, N.A., easement holder; Martha S. Hall, d/b/a Martha's Flower
Gallery, easement holder; Pat Heyl, d/b/a United Video, easement holder; Hasslocher
Enterprises, Inc., d/b/a Jim's Restaurant, easement holder and lessee; and Steph,
Incorporated, easement holder.
2.   The district court ordered that the Special Commissioners' award should be reinstated,
rendered judgment awarding Lambeth the sum awarded by the Special Commissioners as
compensation, and rendered judgment granting the City title to the land.
3.   The State of Texas and the City of Austin are exempt from filing a security bond on
appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 6.001 (West 1986 & Supp. 1996) & § 6.002
(West Supp. 1996). 


 is signed, or within ninety
days after the judgment is signed . . . if any party has timely filed a request for findings of
fact and conclusions of law in a case tried without a jury. 



Tex. R. App. P. 41(a)(1). We hold that the City's request for findings of fact and conclusions of law did
not extend the appellate timetable. 

 A request for findings of fact and conclusions of law is appropriate only when a case is
"tried . . . without a jury." See Tex. R. Civ. P. 296 (emphasis added). For the purposes of Rule 296, a
trial is an evidentiary hearing to the court or a bench trial on the merits. Davis v. State, 904 S.W.2d 946,
949 (Tex. App.--Austin 1995, no writ); see also Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex.
App.--Amarillo 1993, no writ). When it is clear from the record that the trial court heard no evidence
before rendering judgment, a request for findings of fact and conclusions of law is inappropriate and will
not extend the appellate timetable. See Lusk v. Service Lloyds Ins. Co., 922 S.W.2d 647, 649 (Tex.
App.--Austin 1996, writ requested); see also Linwood v. NCNB Texas, 855 S.W.2d 102, 103 (Tex.
1994) (holding that a request for findings of fact and conclusions of law following summary judgment does
not operate to extend the appellate timetable). 

 The City argues that the district court rendered judgment on the merits, and therefore, the
hearing was in fact a "trial." We disagree. Once the trial court dismissed the objections, it merely reinstated
the Special Commissioners' award and did not independently determine the appropriate amount of
compensation. The record is clear that the trial court held no evidentiary hearing in the cause and made
no factual determination; therefore, there was no "trial." The trial court ordered the dismissal and the
rendition of judgment solely on the basis of the pleadings, the records on file with the trial court, and
argument of counsel. Because the district court was not called upon to determine questions of fact, the
City's request for findings of fact and conclusions of law did not extend the thirty-day period for filing the
notice of appeal. See Linwood, 885 S.W.2d at 103; Lusk, 922 S.W.2d at 649. 

 The appellate timetable began to run on October 23, 1995 when the judgment was signed. 
The City's notice of appeal was, therefore, due in this Court on or before November 22. See Tex. R. App.
P. 40(a)(2); Tex. R. App. P. 41(a). The City never filed a motion for new trial or a motion to reinstate and
did not file its notice of appeal until December 12. 



CONCLUSION


 Because the City's notice of appeal was not timely, and because the appellate deadlines
are mandatory, this Court lacks jurisdiction to consider this appeal. We dismiss this appeal for want of
jurisdiction. 



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: October 16, 1996

Do Not Publish

1.   The other appellees are Albertson's, Inc., a Delaware Corporation, easement holder and
lessee; Bank One, Texas, N.A., easement holder; Martha S. Hall, d/b/a Martha's Flower
Gallery, easement holder; Pat Heyl, d/b/a United Video, easement holder; Hasslocher
Enterprises, Inc., d/b/a Jim's Restaurant, easement holder and lessee; and Steph,
Incorporated, ease