# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00376-CV

**David L. Smith, Appellant**

**v.**

**State Commission on Judicial Conduct, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. GN304808, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In December 2003, appellant David L. Smith sought judicial review in the district court after the State Commission on Judicial Conduct denied his complaint of judicial misconduct. The trial court dismissed Smith's suit for want of jurisdiction. Smith appeals, asserting that the trial court had inherent jurisdiction and jurisdiction under the Administrative Procedure Act (the "APA")[1] to hear Smith's complaint. Smith argues that the trial court erred in dismissing his suit because the dismissal violated his constitutional rights to access the courts and seek redress of his grievances, as well as his rights to due process and equal protection. Smith further argues that the trial court should have given him the opportunity to object to the substance of the final order and improperly ignored his arguments and evidence. We affirm the trial court's order of dismissal.

---

[1] *See* Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2000 & Supp. 2005).

Sometime before June 2002, a jury in a Tarrant County municipal court found Smith not guilty of assault, but convicted him of disorderly conduct.[2] *Smith v. State*, No. 02-03-007-CR, 2003 Tex. App. LEXIS 2670, at *1 (Tex. App.—Fort Worth Mar. 27, 2003, pet. dism'd) (not designated for publication). Smith was fined $500 and ordered to pay $53 in court costs. *Id*. The municipal court also found that Smith was in direct contempt of court, sentenced him to three days' confinement, and imposed a $100 fine. *Id*. Smith appealed the contempt order to district court, which heard the case de novo and agreed that Smith was in contempt; he then appealed to the Fort Worth Court of Appeals, which dismissed the appeal, holding that it lacked jurisdiction over appeals from contempt orders. *In re Smith*, No. 02-02-277-CV, 2003 Tex. App. LEXIS 1635, at *3-*4 (Tex. App.—Fort Worth Feb. 20, 2003, orig. proceeding) (mem. op.).[3] Smith appealed the disorderly conduct conviction to a county criminal court in Tarrant County, which affirmed the conviction; Smith then appealed to the Fort Worth Court of Appeals, which noted that although Smith asserted twenty-three issues, in large part he did not present argument, authorities, or record references. *Smith*, 2003 Tex. App. LEXIS 2670, at *2-*3. The court of appeals reiterated that it lacked jurisdiction to consider complaints related to the contempt order and dismissed those issues; the court of appeals affirmed the trial court's judgments, holding that due to inadequate briefing, Smith had not preserved error. *Id*. at *4-*5. The court of appeals, noting that Smith is an attorney in

---

[2] We take much of the early history of this case from opinions by the Second Court of Appeals. *See Smith v. State*, No. 02-03-007-CR, 2003 Tex. App. LEXIS 2670 (Tex. App.—Fort Worth Mar. 27, 2003, pet. dism'd) (not designated for publication); *see also In re Smith*, No. 02-02-277-CV, 2003 Tex. App. LEXIS 1635 (Tex. App.—Fort Worth Feb. 20, 2003, orig. proceeding) (mem. op.) (dismissing Smith's appeal from order of contempt for want of jurisdiction).

[3] After the court of appeals dismissed Smith's petition for writ of mandamus, Smith sought discretionary review in the court of criminal appeals, which dismissed the request on May 21, 2003.

Colorado, is not indigent, and chose to represent himself, declined to allow Smith to rebrief his case.[4]

*Id*. at \*4. The court of criminal appeals refused to consider Smith's petition for discretionary review, dismissing the petition without a published opinion due to "non compliance."[5]

In October 2003, Smith filed a complaint with the Commission, alleging misconduct by six judges from the court of criminal appeals,[6] four justices of the court of appeals, the judge of the county criminal court, the visiting judge assigned to hear Smith's appeal from his disorderly conduct conviction, and the Fort Worth municipal court judge. The Commission sent Smith notice that it had received and reviewed his complaints and had determined that "the matters relating to the decisions and opinions of the [county court] and appellate judges are purely appellate issues, which are not subject to review or disciplinary action by this Commission," dismissing Smith's complaints against the county court and appellate judges and informing him that he could seek reconsideration if he had additional evidence not already considered by the Commission. The Commission also informed Smith that it was investigating his complaints against the municipal court judge.

---

[4] The court of appeals denied Smith's motion for rehearing on May 1, 2003.

[5] Smith's petition for discretionary review alleged that the court of appeals, in its opinion affirming his conviction, made "a false and defamatory charge designed to cover up the panel's true reason or motive for affirming the trial court's judgments." Smith alleged that the court had engaged in a pattern or practice to deprive Smith of his constitutional rights, "as well as a pattern or practice of judicial misconduct." In its disposition of Smith's petition for review, the court of criminal appeals stated that Smith "inappropriately accuse[d] the Court of Appeals of a pattern of judicial misconduct in overruling [Smith's] legal claims and improperly label[ed] the court's ruling concerning [Smith's] failure to follow appellate rules as 'false and defamatory.'" The court said that it "does not condone the filing of such pleadings and will not consider the merits of these pleadings," striking Smith's petitions for discretionary review with prejudice.

[6] Two judges dissented from the dismissal of Smith's pleadings, and one judge did not participate. Smith did not name those judges in his complaint of misconduct.

Smith filed a request for reconsideration, asserting that the Commission's determination that it could not review "purely appellate issues" was erroneous and that his complaints were not purely appellate matters, but instead alleged breaches of the Code of Judicial Conduct. The Commission denied Smith's request for reconsideration on grounds that no new evidence had been presented, stating that the Commission's jurisdiction was limited to review of allegations of judicial misconduct. After an investigation, the Commission determined that the municipal judge did not violate the Code of Judicial Conduct and dismissed Smith's complaint.

Smith appealed to the district court, seeking judicial review of the Commission's dismissal of his complaints. Smith asserted that the Commission's determinations violated constitutional or statutory provisions, exceeded the Commission's statutory authority, were made through unlawful procedures, were erroneous and not supported by substantial evidence, and were an abuse of discretion. The Commission filed a plea to the jurisdiction, contending that Smith had no right to judicial review of Commission decisions. After allowing Smith to amend his claims to allege that he had an "inherent right" to judicial review, the trial court conducted a hearing and dismissed Smith's suit for want of jurisdiction.

On appeal, Smith raises seven issues, arguing that the trial court erred in dismissing his suit after he amended his pleadings to claim inherent jurisdiction; that the trial court's dismissal was contrary to the facts and law of the case and violated his constitutional rights; and that the trial court had inherent jurisdiction and jurisdiction under section 2001.171 of the APA. *See* Tex. Gov't Code Ann. § 2001.171 (West 2000). Smith also argues that the trial court wrongfully ignored his arguments and evidence in the form of a reporter's record from an earlier hearing; decided the

4

jurisdictional issue as a mixed question of fact and law and therefore should have filed findings of fact and conclusions of law; and erred in signing the final order without allowing Smith "an opportunity to object to the substance of the order."

**Right to review under federal constitution**

Smith argues that refusing him judicial review would violate his federal constitutional rights to due process and access to the courts. *See* U.S. Const. amends. I, XIV.[7] The Commission answers that Smith failed to plead and prove a constitutional basis for jurisdiction.

*Due process concerns*

The requirement of procedural due process ensures that no one is deprived of his or her interests without a fair opportunity to present his or her case.[8] *Pickell v. Brooks*, 846 S.W.2d 421, 426 (Tex. App.—Austin 1992, writ denied) (quoting *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)). A procedural due-process analysis first asks whether "the government's deprivation of a personal interest warrants procedural due-process protection." *Id.* The personal interest at stake must be either "a so-called 'core' interest," meaning life, liberty, or vested property interests, or an interest springing from state law or other such independent sources. *Id.* "Rightly or wrongly, current procedural due-process analysis protects only what actually belongs to the individual, rather than

---

[7] The first amendment provides citizens the right to petition the government for a redress of grievances. U.S. Const. amend. I. The fourteenth amendment provides that the government shall not deny a person of life, liberty, or property without due process, nor shall it deny a person equal protection under the law. *Id.* amend. XIV.

[8] Due process may also encompass substantive concerns, *see Chandler v. Jorge A. Gutierrez, P.C.*, 906 S.W.2d 195, 202 (Tex. App.—Austin 1995, writ denied), but Smith does not raise this issue.

5

recognizing that unfairness exists in the very act of disposing of an individual's situation without allowing the individual to participate in some meaningful way." *Id*. Due process does not mandate judicial review of an administrative decision. *S.C. San Antonio, Inc. v. Texas Dep't of Human Servs.*, 891 S.W.2d 773, 778 (Tex. App.—Austin 1995, writ denied); *Blair v. Texas Dep't of Human Servs.*, 837 S.W.2d 670, 671 (Tex. App.—Austin 1992, writ denied).

Smith has not shown and we cannot discern that his "core interests" are implicated by the Commission's grievance procedures or by a refusal to allow judicial review of the Commission's determination of his complaints, nor has he shown any statutorily granted interest that would raise due process concerns. Therefore, Smith has not shown that the trial court's dismissal of his suit violated his rights to procedural due process.

*Equal protection*

Although Smith asserts that "[n]o similarly situated litigant has had his petition for judicial review dismissed for alleged 'want of jurisdiction' after being permitted to amend his petition to allege a claim of inherent jurisdiction," he has not shown that his complaints against members of the judiciary were treated any differently than similar claims made by other citizens against other judges or justices. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). Further, Smith's claims do not raise equal protection concerns because he argues only that he has a right to judicial review of his complaint, whereas the Commission's rules, which are applied to all complainants, do not provide for such review. Because Smith has not shown he was treated differently than other similarly situated litigants, there is no equal protection violation.

6

*Access to the courts*

Smith argues that the trial court's dismissal of his claim violates his right to access the courts, citing the right to seek "redress of grievances" from the government.[9] *See* U.S. Const. amend. I. However, the denial of a hearing or dismissal of a lawsuit for failure to state a claim does not amount to a denial of the right to petition for redress. *See United States v. Vital Health Prods., Ltd.*, 786 F. Supp. 761, 779 (E.D. Wisc. 1992), *aff'd*, 985 F.2d 563 (7th Cir. 1993); *Stengel v. City of Columbus*, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988) ("Where written communications are considered by government officials, denial of a hearing does not infringe upon the right to petition."). Similarly, Smith's complaint against the various judicial officials was considered and handled according to Commission procedures. There are no statutory or constitutional grounds for judicial review, and the trial court's dismissal did not deny Smith the right to seek redress. *See Vital Health Prods.*, 786 F. Supp. at 779. We overrule Smith's complaints related to the federal constitution.

**Right to review under the Texas Constitution**

Smith argues that the trial court's dismissal of his cause violated his state constitutional rights. The Commission responds that the Texas Constitution does not guarantee the right to a review hearing on a complaint of judicial misconduct.

"It is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." *Continental Cas. Ins. Co. v. Functional*

---

[9] Smith does not reference the open courts provision of the Texas Constitution, which provides that "[a]ll courts shall be open." Tex. Const. art. I, § 13.

*Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000); *see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 196-97 (Tex. 2004) (citing *Continental Cas. Ins.* and holding that APA grants statutory right to judicial review in contested cases). As we will discuss in more detail in the next section, no statute provides a right for judicial review from the Commission's dismissal of a complaint, and therefore, to be entitled to judicial review, Smith must show that the Commission's decision violated his constitutional rights.[10]

The Texas Constitution provides that a judge or justice may be removed from office, disciplined, or censured for violations of rules governing judicial conduct, for incompetence, or for conduct inconsistent with the proper performance of the judge's duties. Tex. Const. art. V, § 1-a(6)(A). Once a complaint is filed against a judge, the Commission "may recommend . . . the suspension of [the judge] from office." *Id*. The Commission is required to "keep itself informed as fully as may be" of judicial misconduct and to receive complaints or reports and make "preliminary investigations as it may determine." *Id*. § 1-a(7). "After such investigation as it deems necessary, the Commission may in its discretion" issue some form of sanction or institute formal proceedings. *Id*. § 1-a(8). The supreme court is required to provide for procedures before the Commission and any formal proceedings.[11] *Id*. § 1-a(11).

Although Smith argues that he has a right to judicial review under article V, the clear language of article V provides no such right. Instead, the constitution states that the Commission

[10] Smith does not argue that the Commission's decision affected a vested property right.

[11] The Commission's procedural rules, promulgated by the supreme court pursuant to article V, section 1-a(11) of the Texas Constitution, largely mirror the statutory provisions set out in chapter 33 of the government code. Tex. R. Rem'l/Ret. Judg. 1-18 (West 2005). The Commission's rules do not provide any right to rehearing or review of a decision to dismiss a complaint.

shall receive complaints and conduct investigations as it deems necessary. *Id.* § 1-a(7), (8). In other words, the Commission has the discretion to determine whether sanctions or formal proceedings are warranted, *id.* § 1-a(8), and the constitution does not mandate review of the Commission's exercise of its discretion. Therefore, the Texas Constitution does not provide Smith a right to a hearing or judicial review. We overrule Smith's complaints related to the Texas Constitution.

**Statutory right to judicial review**

Smith next argues that the trial court had jurisdiction to hear his claims under section 2001.171 of the APA. The Commission asserts that the trial court properly dismissed the suit because Smith failed to plead and prove a statutory basis for jurisdiction, the government code and the Commission's rules do not establish a right to a hearing, and the APA does not apply to Commission proceedings.

Chapter 33 of the government code governs the Commission and its investigation of complaints against members of the judiciary. *See* Tex. Gov't Code Ann. §§ 33.001-.051 (West 2004). Section 33.006 provides "absolute and unqualified" immunity from liability for acts by the commission, its members and employees, or its executive director committed within the scope of official duties. *Id.* § 33.006. Section 33.022 provides that the Commission may conduct a preliminary investigation of a complaint to determine whether the complaint is unfounded or frivolous. *Id.* § 33.022(a). If the complaint warrants further investigation, the Commission shall conduct a full investigation and notify the judge of the nature of the complaint and that an investigation is underway. *Id.* § 33.022(c). Once a complaint is disposed of, the Commission is to promptly notify the complainant of the outcome, whether the complaint is dismissed, formal

proceedings are instituted, or a private or public sanction is issued. *Id*. § 33.033(a), (b). A judge who is sanctioned by the Commission is entitled to de novo review of the Commission's decision by a special court of review made up of three court of appeals justices appointed by the chief justice of the supreme court. *Id*. § 33.034(a)-(e). The "court's decision under this section is not appealable." *Id*. § 33.034(i). If after initial review the Commission determines that a complaint is unfounded or frivolous, the Commission shall terminate the investigation. *Id*. § 33.022(b). After a complaint is dismissed, the complainant has one opportunity to seek reconsideration by providing additional evidence of misconduct. *Id*. § 33.035(a), (f). If the complainant does not provide additional evidence, the Commission "shall deny a request for reconsideration." *Id*. § 33.035(b)

Smith argues that he is entitled to judicial review under section 2001.171 of the APA. Section 2001.171 provides that a "person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." *Id*. § 2001.171. The supreme court recently ruled that this section provides an independent right to judicial review "when an agency enabling statute neither specifically authorizes nor prohibits judicial review." *Mega Child Care*, 145 S.W.3d at 196-97. However, the section 2001.171 right to judicial review applies only to persons "aggrieved by a final decision in a contested case." Tex. Gov't Code Ann. § 2001.171. Chapter 33 does not provide for a contested case hearing under the APA and never refers to the APA or the State Office of Administrative Hearings. Thus, Commission proceedings are not subject to the APA and are not "contested cases" giving rise to a right to judicial review, and section 2001.171 does not apply to

10

give Smith a right to judicial review. We overrule Smith's contention that he has a right to judicial review under the APA.

**Procedural complaints**

Finally, we consider Smith's complaints related to the trial court's procedural handling of the case. Smith complains that the trial court should not have signed the final order without allowing Smith to object to the substance of the order. However, we note that Smith, in opposing the dismissal, was able to air his objections to the substance of the order at the hearing. Further, Smith signed the order, showing he agreed in form only, and presumably it was clear that Smith disagreed with the substance of the dismissal order. Smith does not suggest what more he should have been allowed to do in opposing the substance of the order or how he was harmed by the trial court's signing of the order after the hearing and after Smith agreed to the form of the order. The trial court did not err in signing the order when it did.

Smith also argues that the trial court ignored his arguments and evidence and erred in not issuing findings of fact and conclusions of law when requested by Smith. When appropriate and necessary to decide a jurisdictional issue, a trial court may consider evidence. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). However, the jurisdictional issue is sometimes a purely legal consideration, based solely on the pleadings and claims raised. *See Lusk v. Service Lloyds Ins. Co.*, 922 S.W.2d 647, 649 (Tex. App.—Austin 1996, writ denied). In this case, although the trial court heard argument and admitted the record from the earlier hearing, the jurisdictional issue is not reliant on evidence or specific facts. Instead, the issue of whether Smith has a statutory or constitutional right to judicial review of his misconduct complaint is purely legal and can be

11

decided without reference to evidence. Therefore, findings of facts and conclusions of law are inappropriate in this case. *See id*. Furthermore, other than to state that the trial court ignored his arguments and evidence, Smith has not explained what relevant evidence was contained in the record and ignored by the trial court. The fact that the trial court ruled against Smith does not mean that it "ignored" his arguments. Smith has not shown any error in the trial court's method of determining the jurisdictional issue. We overrule Smith's procedural complaints.

## Conclusion

We have overruled Smith's various issues on appeal. We therefore affirm the trial court's order dismissing the suit.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:  December 8, 2005