In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00101-CV
______________________________


DOOLIN'S HARLEY-DAVIDSON, INC., Appellant
 
V.
 
CLIFFORD YOUNG, JR., Appellee


                                              

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 04C0756-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
                                        Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            This dispute started over the repair bill for Clifford Young, Jr.'s, motorcycle,


 but has become
one over attorneys' fees. The disputed attorneys' fees arise, not from the original lawsuit seeking
collection of the repair charges—in which Doolin's Harley-Davidson, Inc., received a default
judgment


 against Young—but from Young's ensuing bill of review proceeding challenging Doolin's
default judgment.
            After the default judgment was rendered, Young filed a petition for bill of review. On the
day set for the bill of review hearing, Young nonsuited his action. Doolin's requested the action be
continued, asserting that it had requested attorneys' fees and that the claim was still pending. 
Eventually, the trial court dismissed the request and granted the nonsuit. Doolin's appeals the trial
court's ruling.
            We affirm the judgment of the trial court because (1) Doolin's did not have a pending claim
for attorneys' fees when Young requested the nonsuit, and (2) Doolin's was not the "prevailing party"
in the bill of review proceedings.
            The availability of attorney's fees under a particular statute is a question of law for the court,
which will be reviewed de novo. Brown v. Fullenweider, 135 S.W.3d 340, 346 (Tex.
App.—Texarkana 2004, pet. denied).
(1)       Doolin's Did Not Have a Pending Claim for Attorneys' Fees When Young Requested the 
 Nonsuit
            A plaintiff has an absolute right to take a nonsuit before resting its case against the defendant. 
Tex. R. Civ. P. 162. A nonsuit will not affect, however, a pending claim for affirmative relief,
sanctions, attorneys' fees, or other costs. The threshold issue, then, is whether Doolin's had a
pending claim for attorneys' fees at the time the case was nonsuited. We hold it did not.
            On the day set for trial, and before Young's request for a nonsuit, Doolin's filed a pretrial
brief with the court. In that brief was a section stating that Doolin's was entitled to attorneys' fees. 
The entire section reads as follows:
"Attorney's fees are available to the successful party in a bill of review action if there
is a legal basis for awarding them pursuant to the underlying cause of action." See
Palomin v. Zarsky Lumber Co., 26 S.W.3d 690 (Tex. App.—Corpus Christi 2000).
Texas Civil Practice and Remedies Code § 38.001 provides:
 
A person may recover reasonable attorney's fees from an individual
or corporation, in addition to the amount of a valid claim and costs,
if the claim is for . . . (8) an oral or written contract.
 
Tex. Civ. Prac. & Rem. Code § 38.001(8). Here, as Respondent's underlying cause
of action is based on a breach of contract, Respondent is entitled to an award of
attorney's fees incurred in the underlying suit and incurred in successfully defending
the bill of review action.

Doolin's contends this is sufficient to constitute a request for attorneys' fees. We disagree.
            We acknowledge that whether a pleading is an affirmative claim for relief is determined by
the facts alleged, not by the name given the plea or by the form of the prayer for relief. Quanto Int'l
Co. v. Lloyd, 897 S.W.2d 482, 487 (Tex. App.—Houston [1st Dist.] 1995, no writ). But we believe
there must be at least some request for the relief. At the time Doolin's filed its pretrial brief, Doolin's
had not previously made any request for attorneys' fees. And, nowhere in the pretrial brief—neither
in the above-quoted section referencing attorneys' fees, nor in the brief's concluding section—was
there any prayer or request for attorneys' fees. That brief asks only that the trial court deny Young's
petition for bill of review. It is also worth noting that the purpose of a pretrial brief is to argue
positions already taken, not to urge new causes of action. We, therefore, hold that Doolin's had no
request for attorneys' fees pending at the time Young sought his nonsuit.
            Doolin's contends that, even if the pretrial brief was not sufficient to request attorneys' fees,
it filed a motion for attorneys' fees with the trial court before the court signed the dismissal. We hold
that the subsequently filed motion for attorneys' fees was not timely and thus does not support a
request for attorneys' fees.
            Young requested the nonsuit February 23, 2005. Doolin's filed its motion for attorneys' fees
February 28, 2005. The trial court did not sign the order granting the nonsuit until June 22, 2005.
Doolin's contends that, because the motion was filed before the order granting the nonsuit, it was
pending at the time of the dismissal and therefore timely within Rule 162. See Tex. R. Civ. P. 162. 
            Any pleading requesting attorneys' fees must have been filed before Young's request for
nonsuit, not before the trial court's order granting that request. Absent a pending claim for
affirmative relief, sanctions, attorneys' fees, or other costs, a nonsuit is effective on request. Granting
a request for nonsuit is a purely ministerial duty. A trial court's refusal to grant the nonsuit would
violate that duty. Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 58 (Tex. 1991); Greenberg v.
Brookshire, 640 S.W.2d 870, 872 (Tex. 1982); see also Tex. R. Civ. P. 162 cmt. If an opposing
party has no claim for affirmative relief pending, a trial court's jurisdiction over a cause ends when
a notice of nonsuit is given for the only pending claim for affirmative relief. In effect, in such a
situation, the filing of a nonsuit divests a trial court of its subject-matter jurisdiction. Williams v.
Nat'l Mortgage Co., 903 S.W.2d 398, 402 (Tex. App.—Dallas 1995, writ denied).
            Doolin's contends that, if the motion for attorneys' fees was late under Rule 162, the trial
court still had the authority to award attorneys' fees because the motion was filed before the
expiration of the court's plenary power. In support, Doolin's cites several cases, including Scott &
White Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996); see also Cooter & Gell v.
Hartmarx Corp., 496 U.S. 384 (1990); In re Bennet, 960 S.W.2d 35, 38 (Tex. 1997). 
            Each of the cases cited by Doolin's is distinguishable from the present case. Schexnider and
the others all discuss a trial court's jurisdiction to impose sanctions after a request for nonsuit has
been made. We recognize that attorneys' fees may be awarded as sanctions. Brantley v. Etter, 677
S.W.2d 503, 504 (Tex. 1984). But attorneys' fees are not identical to sanctions as Doolin's suggests,
and the trial court did not award either.
            Courts possess the inherent power to sanction an attorney's behavior. Bennet, 960 S.W.2d
at 40; Onstad v. Wright, 54 S.W.3d 799, 804 (Tex. App.—Texarkana 2001, pet. denied). In contrast
to an award for attorneys' fees, sanctioning counsel does not involve a judgment on the merits of the
action. Rather, it requires the determination of a collateral issue: whether the attorney has abused
the judicial process, and, if so, what sanction would be appropriate. Bennet, 960 S.W.2d at 39. 
Sanctions often do not operate on the underlying merits of a case, whereas an award of attorneys' fees
necessarily stems from the merits of a case.
            Further, assuming that a trial court has the authority to consider a motion for attorneys' fees
filed after a nonsuit request, Doolin's has cited no authority that would require the trial court to
consider such a motion. Schexnider and the other cases cited by Doolin's all involved situations
where the trial court had decided to impose sanctions. None of the cases stands for the proposition
that a trial court must award attorneys' fees requested after a request for nonsuit.
(2)       Doolin's Was Not the "Prevailing Party" in the Bill of Review Proceedings
            Attorney's fees are available to the prevailing party in a bill of review action if there is a legal
basis for awarding them pursuant to the underlying cause of action. Palomin v. Zarsky Lumber Co.,
26 S.W.3d 690, 696 (Tex. App.—Corpus Christi 2000, pet. denied); see also Meece v. Moerbe, 631
S.W.2d 729, 730 (Tex. 1982). There is no dispute between the parties that Doolin's was entitled to
attorneys' fees in the underlying collection action. Young contends Doolin's is not entitled to
attorneys' fees accrued during the bill of review proceedings because it was not a "prevailing party"
in that action. We agree.
            A determination of whether a party is the prevailing or successful party "must be based upon
success on the merits . . . ." Nicholson v. Tashiro, 140 S.W.3d 445, 447 (Tex. App.—Corpus Christi
2004, no pet.), citing City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.—Amarillo 1997, pet.
denied). Due to the nonsuit, the merits of the bill of review were never reached by the trial court. 
Therefore, Doolin's had no opportunity to prevail on the merits.
            The "prevailing party" has alternatively been described as the party who is vindicated by the
trial court's judgment. Brown, 135 S.W.3d at 347. As we said in Brown, "The prevailing party is
typically described as the party to a suit that either successfully prosecutes the action or defends
against it, prevailing on the main issue, even though not to the extent of its original contention." Id. 
The trial court's order granting the nonsuit shows that Doolin's does not fit either of these
descriptions.
            The trial court dismissed the case without prejudice. Because, under the order, Young
retained a right to refile his case, Doolin's was not vindicated by the trial court's judgment, nor did
it prevail on the merits. The merits of the main issue were not decided. The bill of review action
was simply put aside with the possibility that it would be revisited at a later time.
            Doolin's cites several cases in support of its contention that it was the prevailing party. 
Cooter & Gell, 496 U.S. 384, is inapplicable to the instant case. In Cooter & Gell, the issue before
the United States Supreme Court was whether sanctions could be imposed under Rule 11 of the
Federal Rules of Civil Procedure after a nonsuit was taken. The Court did not address the
"prevailing party" issue.
            Doolin's also cites Terry v. Howard, 546 S.W.2d 66, 69 (Tex. App.—Dallas 1976, no writ). 
In that case, the plaintiff nonsuited a group of defendants that it had served by publication requiring
the  appointment  of  ad  litem  attorneys.  The  Dallas  court  held  that  the  plaintiff  should  pay
the ad litem attorneys' fees even though it had nonsuited those defendants. That case is distinguished
by the presence of the ad litem attorneys' fees. Ad litem attorneys' fees are taxed as part of the costs
of court. Tex. R. Civ. P. 244. The party requesting nonsuit is always responsible for court costs. 
Tex. R. Civ. P. 162. The "prevailing party" analysis is not necessary when determining who should
pay court costs. Therefore, the holding in Terry is inapplicable here.
            Perhaps the most similar case cited by Doolin's is Pac. Employers Ins. Co. v. Torres, 174
S.W.3d 344 (Tex. App.—El Paso 2005, no pet.). In that case, an insurance company had requested
judicial review of a decision of the Texas Workers' Compensation Appeals Commission. Three
weeks before the trial date, the insurance company nonsuited its action. The trial court dismissed
the case without prejudice and awarded attorneys' fees to Torres. The appeals court affirmed the
award of attorney's fees, holding that Torres had prevailed on the issue on which judicial review was
sought. Id.
            We are unwilling to extend the holding in Torres to the facts of this case. The Torres
decision was based solely on the court's interpretation of a statute within the Texas Labor Code. See
Tex. Lab. Code Ann. § 408.221(c) (Vernon Supp. 2005). The court noted that its decision was
influenced by the canon that courts should liberally construe workers' compensation provisions in
favor of injured workers. See Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000); see also Cigna
Ins. Co. of Tex. v. Middleton, 63 S.W.3d 901, 903 (Tex. App.—Eastland 2001, pet. denied).
            We are guided by the canon that the rules should be construed liberally in favor of the right
to nonsuit. Greenberg, 640 S.W.2d at 872, citing Smith v. Columbian Carbon Co., 145 Tex. 478,
198 S.W.2d 727 (1947). In contrast to the cases in which a judgment has been rendered, a nonsuit
is a termination of the pleaded causes of action and asserted defenses without an adjudication of their
merits that returns the litigants to the positions they occupied before the plaintiff invoked the court's
jurisdiction. Molinar v. Plains Ins. Co., 660 S.W.2d 845, 849 (Tex. App.—Amarillo 1983, no writ). 
That being so, the taking of a voluntary nonsuit does not constitute litigation of the issues in a case
and does not prejudice the parties against seeking the same relief in a subsequent lawsuit. Rexrode
v. Bazar, 937 S.W.2d 614 (Tex. App.—Amarillo 1997, no writ); In re T.N.V., 855 S.W.2d 102, 103
(Tex. App.—Corpus Christi 1993, no writ); Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.
App.—Houston [1st Dist.] 1989, no writ).
            Because the bill of review was nonsuited, Doolin's was not the prevailing party. Therefore,
Doolin's is not entitled to attorneys' fees incurred during its litigation of the bill of review action.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 16, 2005
Date Decided:             January 6, 2006