**Opinion issued December 10, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00750-CV

———————————

**FREDERICK NICHOLAS, Appellant**

**V.**

**INHANCE TECHNOLOGIES LLC, Appellee**

---

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2015-67125

---

## MEMORANDUM OPINION

This appeal arises from an employment case. Frederick Nicholas sued

Inhance Technologies LLC ("Inhance") for wrongful termination of his

employment under *Sabine Pilot*.[1] In three issues, Nicholas contends the trial court (1) erred by failing to issue findings of fact and conclusions of law, (2) abused its discretion by compelling him to arbitrate, and (3) violated his constitutional rights to due process. We affirm.

## Background

In 2013, Fluoroseal-International, LLC ("FSI") offered Nicholas a position as its health, safety, and environmental director. FSI was Inhance's predecessor in interest, and later in the year, FSI changed its name to Inhance Technologies, LLC. Nicholas accepted the employment offer by signing and dating the offer letter. The offer letter includes a dispute resolution provision, requiring the parties to resolve any disputes related to "employment or termination of employment" in arbitration. During his employment, Nicholas was responsible for matters related to environmental permitting and compliance. Nicholas contends that he was terminated for seeking to comply with statutory environmental laws.

In 2015, Nicholas sued Inhance for wrongful termination of his employment under *Sabine Pilot*. Under the dispute resolution provision in its offer letter, Inhance filed a motion to compel arbitration and to stay the lawsuit pending arbitration. Although he did not respond to this motion, Nicholas appeared at the

---

[1] *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) (providing for a wrongful terminational claim where an employee is discharged for refusing to commit an illegal act).

hearing on it. At the hearing, the trial court provided Nicholas with additional time to respond to Inhance's motion. Still, Nicholas did not respond. The trial court subsequently granted Inhance's motion to compel arbitration and referred the case "to arbitration with the American Arbitration Association." Without complying with the court's order compelling arbitration, Nicholas filed three motions, which were set for hearing.[2] Inhance filed its response, and Nicholas filed a reply. The trial court eventually denied Nicholas's motions.

Inhance filed a motion to dismiss Nicholas's suit for failure to initiate arbitration. The motion asserted Nicholas had "repeatedly ignored" the trial court's order compelling arbitration and had caused "unjustifiable delay and injustice" to Inhance. Nicholas did not file a response to the motion. The trial court dismissed Nicholas's claim against Inhance with prejudice to refiling. Nicholas requested findings of fact and conclusions of law, but the trial court issued none. This appeal followed.

## DISCUSSION

### A. Jurisdiction

Nicholas appeals the order compelling arbitration and the order dismissing the case for failing to initiate arbitration. Generally, an appeal may only be taken

---

[2] Nicholas filed a request for findings of fact and conclusions of law, a motion for new trial, and a motion to vacate the order compelling arbitration and to reverse the order compelling arbitration and staying proceedings.

3

from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment issued without a conventional trial is final for purposes of appeal if it disposes of all pending claims and parties in a case or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 193. Here, the trial court dismissed the underlying case, and its decision was final and appealable because the order dismissing the case for failing to initiate arbitration "disposed of the entire case on the merits and left no part of it pending before the court." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86–87 (2000); *see In re Gulf Expl., LLC*, 289 S.W.3d 836, 839–40 (Tex. 2009) (authorizing appellate review of an order compelling arbitration as long as the underlying case was dismissed).

**B.      Denial of request to make findings of fact and conclusions of law**

In his first issue, Nicholas complains the trial court failed to enter findings of fact and conclusions of law that he had requested and that the failure harmed and prejudiced him.

Under Rule 296 of the Texas Rules of Civil Procedure, a party may file a request for findings of fact and conclusions of law in any case tried in the district or county court without a jury. TEX. R. CIV. P. 296. A case is "tried" when the trial court holds an evidentiary hearing. *See Black v. Shor*, 443 S.W.3d 154, 166 (Tex. App.—Corpus Christi 2013, pet. denied) ("The term 'tried' for the purposes of rule

4

296 includes the disposition of a case rendered after an evidentiary hearing before the trial court upon conflicting evidence."); *Puri v. Mansukhani*, 973 S.W.2d 701, 708 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("A case is 'tried' when there is an evidentiary hearing before the court upon conflicting evidence."); *see generally*, *Lusk v. Serv. Lloyds Ins. Co.*, 922 S.W.2d 647, 648 (Tex. App.—Austin 1996, writ denied) (per curiam) (dismissing appeal because case was not "tried" given that it was dismissed by summary judgment before the trial on the merits). A trial court does not err by failing to issue findings of fact and conclusions of law when there has been no trial. *Black*, 443 S.W.3d at 166–67; *Lusk*, 922 S.W.2d at 649.

Here, there was no evidentiary hearing, and therefore no "trial on the merits." A trial court was not obligated to issue findings of fact when neither party presented conflicted evidence at an evidentiary hearing. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997). The trial court dismissed the case without a trial after Nicholas failed to respond to Inhance's motion to dismiss. *Eichelberger v. Balette*, 841 S.W.2d 508, 510 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding that the trial court did not have to file findings of fact and conclusions of law because it dismissed the case without a trial). Because there was no trial, we conclude that the trial court did not err in failing to make findings of fact and conclusions of law. We overrule Nicholas's first issue.

## C.    Failure to preserve complaints

In his second and third issues, Nicholas contends the trial court erred by compelling him to arbitrate his claim in which the arbitration agreement was procured by fraud and lack of consideration, and because Inhance waived arbitration by stating, "We are not pursing arbitration. Thank you." Nicholas further contends that the trial court violated his constitutional due process rights because it did not allow him "to be heard in a meaningful and timely manner" or provide "notice of the date that this [c]ourt would rul[e] on the merits of [the] motion to compel [arbitration.]."

To preserve a complaint for appellate review, a party must first demonstrate that the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1. A timely objection is one made "at a point in the proceedings which gives the trial court the opportunity to cure any alleged error." *Crews v. Dkasi Corp.*, 469 S.W.3d 194, 201 (Tex. App.–Dallas 2015, pet. denied). "[I]t is well-settled that even constitutional issues, such as due process claims, must be properly raised in the trial court or they are waived on appeal." *Taylor v. Bridges*, No. 14-13-00669-CV, 2014 WL 4202507, at *2 (Tex. App.— Houston [14th Dist.] Aug. 26, 2014, no pet.) (mem. op.).

Here, Nicholas did not file a response to Inhance's motion to compel arbitration, even after the trial court provided him with additional time to respond

6

to it. Although he filed two motions, neither of these responded to the motion to compel arbitration or raised the issue that Nicholas brings to this Court—meaning fraud, lack of mutual obligation/consideration, and waiver. His unrelated motions were insufficient to preserve error on the order compelling arbitration and his claim that his due process rights were violated. *St. Paul Surplus Lines Ins. Co., Inc. v. Dal-Worth Tank Co., Inc.*, 974 S.W.2d 51, 53 (Tex. 1998) (per curiam) (ruling no preservation of error where party failed to object at trial regarding the arbitration agreement, but later raised complaint in a motion for new trial); *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 260 (Tex. App.—San Antonio 2003, pet. denied) (overruling appellate complaint for failing to preserve error because party filed the motion to vacate after the trial had already entered judgment). Having failed to raise his arguments by filing a response to Inhance's motion compel, Nicholas has waived these complaints on appeal. *See My Three Sons, Ltd. v. Midway/Parker Med. Ctr., L.P.*, No. 05-15-01068-CV, 2017 WL 2351082, at *3 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op. on reh'g) (waiving complaint where appellant failed to file a response or objections to motion to compel arbitration in the underlying case); *Garcia v. Walker*, No. 04–05–00343–CV, 2006 WL 397950, at *1 (Tex. App.–San Antonio Feb. 22, 2006, no pet.) (mem. op.) (waiving objections to motion to compel arbitration not presented

in trial court). Nor did Nicholas raise his due-process challenge in the trial court.

We overrule Nicholas's second and third issues.

## Conclusion

We affirm the judgment of the trial court.


                                        Sarah Beth Landau
                                        Justice

Panel consists of Justices Lloyd, Goodman, and Landau.